155 So. 15

JACKSON v. KELLY.

No. 32293.

April 23, 1934.

Phanor Breazeale, of Natchitoches, and Montgomery & Montgomery, of New Orleans, for appellant.

S. R. Thomas, of Natchitoches, for appellee.

OVERTON, Justice.

Plaintiff sued defendant on a promissory note for $2,750, bearing date November 15,

1926, due one year after date. Suit was filed on November 15, 1932, or exactly five years, to the day, after the date of maturity of the note. Citation was served on the day the suit was brought, namely, on November 15, 1932. The service was domiciliary.

 Defendant appeared and excepted to the petition on the ground that it did not set out, nor did the citation do so, the Christian name of plaintiff or defendant. Thereupon plaintiff amended its petition instanter by setting these names out. When the amendment was filed defendant answered the petition, denying liability on the ground that the note was given without consideration. Defendant also pleaded the prescription of five years.

The amended petition cured the defect, complained of, in the original proceedings.

 The note recites that it was given for value received. Defendant offered no evidence showing that it was not so given. The presumption that it was so given, therefore, remains unrebutted, and suffices as a basis for judgment.

 The plea of prescription is not well grounded. Suit was filed and citation served on November 15, 1932. This was the last day before the prescription of five years could accrue under the law. Plaintiff had all of that day in which to commence his suit, and he did then commence it by the filing of his petition and the service of citation. The fact that there was a minor defect in the petition, which defendant might, and did, cure instanter, is of no importance. The course of prescription was interrupted by the filing of the original petition and by the service of citation on the day before the five years had elapsed from the date of the maturity of the note.

 The signature of the defendant to the note was not denied, but impliedly admitted in the answer, by the plea of no consideration. Besides, the signature was proved by plaintiff's attorney, and the note was received in evidence.

The lower court rendered judgment sustaining the exception to the petition or citation, and moreover rejected plaintiff's demand.

The judgment is set aside, and judgment is now rendered in favor of plaintiff and against defendant for said sum of $2,750, with 8 per centum yearly interest thereon from November 15, 1926, and 10 per centum attorney's fees on the principal and interest; defendant to pay the costs in both courts.

ST. PAUL, J., absent.