280 So.2d 857 (1973)
ALLSTATE INSURANCE COMPANY, Plaintiff-Appellant,
v.
C. D. MANEMIN, Defendant-Appellee.
No. 4221.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1973.
Rehearing Denied August 15, 1973.
Gold, Hall, Hammill & Little, by Jimmy M. Stoker, Alexandria, for plaintiff-appellant.
Pharis & Pharis, by F. Jean Pharis, Alexandria, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
SAVOY, Judge.
The plaintiff, as subrogee of Cornelius J. Cotton, filed a suit for the amount expended by it resulting from a collision of a vehicle owned by its insured and defendant designated as "C. D. Mc Manemin".
Defendant C. D. Mc Manemin filed an exception of no right of action alleging:
1. That C. D. Mc Manemin was neither the owner nor operator of the automobile *858 involved in the accident mentioned in plaintiff's petition.
2. That the owner and operator of the car set forth in plaintiff's petition was defendant's son, Doyle C. Mc Manemin, a major at the time of the accident.
Plaintiff filed an amended petition and in paragraph one thereof, named the defendant as "Doyle Mc Manemin," a/k/a/ C. D. Mc Manemin, a/k/a D. C. Mc Manemin, a/k/a/ Doyle C. McManemin.
To the amended petition defendant filed a peremptory Exception of Prescription on the basis that since the suit had not been filed within one year from the accident against Doyle C. Mc Manemin, the claim had prescribed. After a hearing on the exception, the District Judge, without assigning written reasons, maintained the Exception of Prescription and dismissed plaintiff's suit. Plaintiff appealed. The issue on appeal is:
Did demand upon and suit against the owner and operator of the vehicle involved in the collision giving rise to this litigation within the one-year statutory prescriptive period incorrectly stating the defendant's name, interrupt prescription against that defendant so that the filing of an amended petition correctly stating defendant's name related back to the date of filing the original petition?
The record reveals that the name of defendant is Doyle Clifford Mc Manemin who was living with his father at the time of the accident. The name of the father is Clifford Doyle Mc Manemin.
The accident occurred on May 16, 1971. Plaintiff wrote a letter to C. D. Mc Manemin in connection with the claim. By letter dated July 1, 1971, counsel for defendant acknowledged said letter and stated that C. D. Mc Manemin would pay $200.00 to compromise said suit.
The jurisprudence of this state is to the effect that a subsequent amendment to an original petition to correctly relate the name of the defendant relates back to the time of the filing of the petition. Jackson v. Kelly, 179 La. 757, 155 So. 15 (1934); Mitchell v. Sklar, 196 So.2d 392 (La.App.2d Cir. 1940); Brooks v. Wiltz, 144 So.2d 413 (La.App. 4 Cir. 1962).
Plaintiff intended to sue the driver and owner of the car. The name of the father and son were so similar that even counsel for defendant confused the names. Doyle Clifford owned the car in the accident and was the driver thereof. To deny plaintiff its day in court because of an error in the first name would cause a grave injustice to plaintiff.
For the reasons assigned, the judgment of the district court is reversed and the exception of prescription is overruled. The case is remanded to the district court for proceedings consistent with the views expressed herein. Costs of this appeal are assessed against appellee.
Reversed and remanded.