Thomas C. LILES, Plaintiff-Appellant,

v.

RIBLET PRODUCTS OF LOUISIANA,
INC., et al., Defendants-Appellees.

No. 74–1353.

United States Court of Appeals,
Fifth Circuit.

June 13, 1975.

Troy E. Bain, Shreveport, La., for
plaintiff-appellant.

Benjamin C. King, Shreveport, La., for
defendants-appellees.

ON PETITION FOR REHEARING

Before TUTTLE, WISDOM and
GOLDBERG, Circuit Judges.

PER CURIAM:

On petition for rehearing, Liles contends that "even if Riblet Products of Louisiana is entitled to immunity of the Louisiana Revised Statute 23:1032, he still has a claim against American Employers Insurance Company for coverage provided to Larry Larkin." Liles' complaint, as we observed before, did not name Larkin as a defendant. It is true, as the appellant points out, that it is not necessary to name Larkin as a defendant in order to assert a claim against American Employers as Larkin's insurer under the Louisiana Direct Action Statute, LSA–R.S. 22:655. Liles' complaint, however, also failed to allege that American Employers was obligated under a policy that provided coverage of claims against Larkin as well as against his employer, Riblet Products. Nor did it otherwise give notice that American Employer's was being sued as Larkin's insurer. Such averments are necessary, at least, to show the district court's jurisdiction over the subject of the claim. See Rule 9, Fed.R.Civ.P.; 28 U.S.C. § 1332(c). Liles' claim against Larkin or

against American Employers Insurance Company in its capacity as Larkin's insurer was not, therefore, raised by the pleadings, was not passed on by the district court, and is not properly before this court on appeal.

The petition for rehearing is denied.