DOMENGEAUX, Judge.
Plaintiff, Rollins International, Inc., instituted this action to recover damages resulting from a collision involving its insured, Matlack, Inc., with cattle allegedly belonging to defendant, E. W. Melder. Defendant filed a peremptory exception of prescription which the trial court sustained, dismissing plaintiff’s suit. From this judgment plaintiff has appealed.
*227 Plaintiff’s petition alleges that on July-17, 1973, at approximately 12:45 A. M. its insured’s employee, Lester Dietzel, was operating a 1973 diesel Mack tractor on U. S. Highway 165 in Rapides Parish, Louisiana. The insured vehicle collided with four head of cattle which were allegedly on the highway. As both collision and workmen’s compensation insurer for Matlack, Inc., plaintiff paid a total of $7,889.60 for physical damage to the insured unit, wrecker services, loss of use of the unit, and compensation and medical expenses to the insured’s employee.
At the trial of the exception it was disclosed that upon investigation of the accident plaintiff was led to believe that the cattle involved in the collision belonged to one E. W. Melder, also known as Billy Melder, a resident of Forest Hill, Louisiana. Plaintiff’s claims representative in Wilmington, Delaware, contacted E. W. Melder by certified mail on November 13, 1973, and again on March 22, 1974. Both letters referred to the accident and requested that defendant contact plaintiff’s claim office to discuss reimbursement for the amounts expended by the latter. Both letters were addressed to “Mr. E. W. Melder, General Delivery, Forest Hill, Louisiana 71430”. These letters were accepted and signed for, as is evidenced by E. W. Melder’s signature on the postal receipts which were introduced in evidence. After receiving no reply from the defendant, plaintiff referred this matter to its attorney, who contacted Mr. Melder on May 14, 1974, again by certified mail. The attorney’s letter informed Mr. Melder that if he failed to contact the attorney within ten days concerning the accident, suit would be filed in the matter without further notice. E. W. Melder also accepted this letter and signed the postal receipt for it.
On June 11, 1974, plaintiff filed suit against defendant in Rapides Parish. The caption in this action was styled “Rollins International, Inc. v. E. W. (Billy) Melder” and sought recovery of the amounts expended by plaintiff in accordance with its two abovementioned insurance policies. The petition further alleged that the cattle involved in the accident belonged to defendant and that the area in which the accident occurred was a “No Stock Highway” as contemplated by LSA-R.S. 3:2802 and 3:2803. At the end of plaintiff’s petition under the heading “Service Information:” is the direction to serve “E. W. Melder, General Delivery, Forest Hill, Louisiana 71430”. However, the citation prepared by the Rapides Parish Clerk of Court directed the Sheriff’s Deputy to serve E. W. (Billy) Melder, apparently referring to the caption of the suit rather than the more accurate service information.
The evidence reveals that the defendant, E. W. Melder, has a son known as Billy Gene Melder, who lives in the same vicinity, approximately one-half mile from his father. The defendant is known in the community as E. W. Melder, or Gene Melder. The initials “E. W.” stand for Eugene Wilbur. Defendant’s son’s Christian name is Billy Gene. The evidence indicates that no one in the community knew or referred to the defendant as “Billy”, nor did anyone recognize his son as “E. W.” However, the Sheriff’s Deputy, who testified that he knew both the defendant and his son as well as everyone else in Forest Hill, Louisiana, a small rural community, served the petition upon Billy Gene Melder. The younger Melder testified that he did not read the body of the petition but merely contacted the Deputy and informed him that he was not “E. W. (Billy) Melder” but simply Billy Melder. The Deputy then retrieved the petition and made the following notation on the citation: “No E. W. (Billy) Melder in Forest Hill. Returned 18 June 74 unable to locate. Info Deputy Durwood Johnson.”
*228 When plaintiff learned that there had been an unsuccessful attempt at service of process in this matter, it amended its original petition designating “E. W. Melder” as defendant rather than “E. W. (Billy) Melder”.. However, this amendment was made on September 24, 1974, more than one year after the occurrence of the accident.
After a trial on the defendant’s exception of prescription the trial judge dismissed the suit finding that plaintiff’s amendment was untimely and that the plaintiff’s action was barred by the one year prescriptive period applicable to Civil Code Article 2315. The trial judge found that the defendant, E. W. Melder, had no notice of suit prior to the running of prescription and stated:
“ . . . if a petition simply naming E. W. Melder would have been sufficient to interrupt prescription the addition of the name “Billy” in parenthesis destroyed that effect . . . .”
LSA-R.S. 9:5801, as amended, provides
“§ 5801. Interruption of prescription by filing of suit, service of process
All prescriptions affecting the cause of action therein sued upon are .interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process. As amended Acts 1960, No. 31, § 1.”
The term “all defendants” in the above statute refers to only those defendants who are named as such in the petition. Majesty v. Comet-Mercury-Ford Company of Lorain, Michigan, 296 So.2d 271 (La.1974); Martin v. Mud Supply Co., Inc., 239 La. 616, 119 So.2d 484 (La.1959). Thus if a defendant is named in a suit and that suit is filed in a court of competent jurisdiction and in the proper venue, prescription is interrupted on that cause of action, even if the defendant is not served. Pursuant to the second clause of 9:5801, the necessity of service of process for the interruption of prescription exists only when the action has been commenced in an incompetent court or in an improper venue.
Since this suit was filed in a competent court and in proper venue, we must determine whether the manner in which the defendant was named in the original petition was sufficient to interrupt prescription under 9:5801.
Defendant contends that by styling this action against “E. W. (Billy) Melder” the plaintiff intended all along to sue Billy Gene Melder and not E. W. Melder. We find this proposition difficult to accept. The evidence clearly establishes that the plaintiff and its attorney sent a total of three letters by certified mail to E. W. Melder. The defendant accepted and signed for all three of these communications. Further, the service information at the end of plaintiff’s original petition requested citation of and service on “E. W. Melder” not “E. W. (Billy) Melder”. It is not unreasonable to assume that the “W” in the defendant’s name was the initial for William, and that “Billy” was simply a nickname which defendant may have sometimes used.
Hence, it is clear that plaintiff intended to sue E. W. Melder from the outset and made a reasonable attempt to do so. While the addition of the name “Billy” to the caption of the petition may have been confusing or misleading, the fact that the name was placed in parenthesis is an indication that it is suggestive merely of a nickname. The inclusion of “(Billy)” in the caption is of slight significance when *229 viewed in the total factual context of this case, and should not destroy the effect of E. W. Melder being named as defendant in the suit.
We find the case of Allstate Insurance Company v. C. D. Manemin, 280 So.2d 857 (La.App. 3rd Cir. 1973) analogous to the instant litigation. In Manemin the plaintiff sued C. D. McManemin who was the father of the proper defendant, D. C. McManemin. The plaintiff amended his petition stating the proper juxtaposition of the first names after the prescriptive period had run. The court found that the suit against “C. D. McManemin” was sufficient to interrupt prescription as to the proper defendant, D. C. McManemin. The court stated:
“To deny plaintiff its day in court because of an error in the first name would cause a grave injustice to plaintiff.”
Likewise, in this case plaintiff should not be denied its day in court merely because it included, parenthetically, what it believed to be a nickname in the caption of the suit. Justice is not served by a hyper-technical application of the law.
Under the facts of this case we hold that the plaintiff adequately identified and designated the defendant, E. W. Melder, in its original petition, thus interrupting prescription in accordance with 9:5801.
For the above and foregoing reasons, the judgment of the district court is reversed, the exception of prescription is overruled, and the case is remanded to the district court for further proceedings.
All costs in connection with the trial of this exception in the district court, as well as the costs of this appeal, are assessed against defendant-appellee, E. W. Melder. All other costs shall await final determination of this case.

Reversed and remanded.