EDWARDS, Judge.
This is a suit by Elmo W. Morgan and the Lincoln Heights Improvement Association against Thelma Davis Epps, the owner of Lot 114 in Lincoln Heights Subdivision, East Baton Rouge Parish, to enjoin violations of certain subdivision restrictions. From the trial court’s judgment granting the injunction, defendant has appealed.
The issue presented for review is prescription: [1] has plaintiffs’ action prescribed *1028 or has there been an interruption of prescription?
Plaintiffs instituted this suit on May 4, 1977, alleging that defendant was operating a hotel and bar on Lot 114 in violation of recorded subdivision restrictions. The pertinent restriction provided:
“No retail or wholesale or store shall be erected or any business, industry, or trade carried on upon any of the lots herein described, the lots hereinabove described being strictly for residential purposes.”
Defendant interposed an exception of prescription, contending that she acquired Lot 114 on June 28, 1973 and that any violation of the subdivision restrictions began in 1973 and have continued since that time. Consequently, defendant argues that the present action, filed in 1977, is prescribed, because it was not brought within two years reckoning from the commission of the violation.
In response to the exception, plaintiffs amended their petition to disclose two suits, instituted in 1973 by Huston Williams and Eddie J. Drew to enjoin violations of the same subdivision restrictions on Lot 114, which they claim served to interrupt prescription in the instant case. The first suit was filed on April 6, 1973 against Thelma Davis Epps, the defendant in the instant case, and was numbered 163,078 in the Nineteenth Judicial District Court of the Parish of East Baton Rouge. This suit was dismissed as to Lot 114 upon a showing that the defendant did not own the property. Thereafter, the second suit was instituted on April 19, 1973, was numbered 163,358 in the Nineteenth Judicial District Court and was against the record owner of Lot 114, Joyce Elizabeth Howard. The record of that suit reveals that no service was ever made on Ms. Howard and that the action is presently pending.
Neither plaintiff in the instant case was a party in either of the suits in 1973.
After the dismissal of the 1973 suit against Thelma Davis Epps and after the filing of the 1973 suit against Joyce Elizabeth Howard, Mrs. Epps, the defendant in the instant case, purchased Lot 114 from Ms. Howard on June 28, 1973.
The trial court, in overruling defendant’s exception of prescription, found that there was an interruption of prescription based on the litigation in 1973.
Defendant contends that the trial court erred in finding an interruption of prescription and in overruling her peremptory exception.
The suit in 1973 against Mrs. Epps could not have interrupted prescription because Mrs. Epps at that time did not own Lot 114 and consequently was not bound, as to Lot 114, by the subdivision restrictions. Therefore, the trial court must have found that the second suit in 1973 against Ms. Howard caused the interruption of prescription.
In this regard, we note that Mrs. Epps, the defendant in the instant case, was not a named defendant in the 1973 suit against Ms. Howard and was not substituted as a defendant after she purchased Lot 114 on June 28, 1973.
Pertinent to these facts is LSA-R.S. 9:5801, which provides in part:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue .
The phrase “all defendants” in the above statute refers to only those defendants named as such in the petition. Majesty v. Comet-Mercury-Ford Company of Lorain, Michigan, 296 So.2d 271 (La.1974). Thus the filing of a petition does not, in itself, interrupt prescription as to a person affected by the cause of action sued upon unless the petition makes such party a defendant. Martin v. Mud Supply Co., Inc., 239 La. 616, 119 So.2d 484 (1960).
*1029 Accordingly the 1973 suit against Ms. Howard did not interrupt prescription as to Mrs. Epps because Mrs. Epps was not a named defendant.
Plaintiffs additionally urge that Mrs. Epps and Ms. Howard have interchangeable identities, i. e. one being the alter ego of the other, and that a suit against either Mrs. Epps or Ms. Howard would interrupt prescription against the other.
Without expressing an opinion on the legal validity of the above theory proposed by plaintiffs, we find that the evidence in the record does not support plaintiffs’ allegations of interchangeable identities or alter ego.
We find that the trial court erred in holding that there had been an interruption of prescription.
Certain evidence in the record indicates, though not with any degree of certainty, that the violation of the subdivision restriction began in 1974. However we are unable to make a definite determination on this point based on the present posture of the record. Therefore we will remand this matter to the trial court in order that evidence might be taken on the question of when the violation of the subdivision restrictions did, in fact, begin.
For the foregoing reasons, the judgment appealed is reversed, and the case is remanded to the trial court for further proceedings consistent with the views herein expressed.
All costs of this appeal are to be borne by the plaintiffs-appellees; all other costs to await the final disposition of the case.
REVERSED AND REMANDED.

. The applicable prescriptive period is contained in LSA-R.S. 9:5622(A), where it is provided:
“Actions to enjoin or to obtain damages for the commission or continuance of a violation of restrictions contained in the title to land are prescribed by two years, reckoning from *1028 the commission of the violation. When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated.”