LANDRY, Judge.
Defendants J. E. Fontenot General Contractor, Inc. (Employer) and Employer’s insurer, St. Paul Fire and Marine Insurance Company, (Appellants), appeal from judgment dismissing their exception of prescription and awarding plaintiff (Appellee) workmen’s compensation benefits after trial on the merits. We reverse and render judgment sustaining Appellants’ exception of prescription and dismissing Appellee’s claim with prejudice.
The facts are undisputed. Appellee was injured August 4,1972 when he fell from a carpenter’s scaffold in the course and scope of his employment by Employer. Employer corporation, whose address is Route 7, Box 615-B, is for all practical purposes owned by J. E. Fontenot, who runs the corporation from the stated location which is also his home address. St. Paul paid Appellee compensation from the date of the accident until April 25, 1973, on which date payments were terminated. Appellee never resumed work for Employer. On May 25, 1973, Appellants tendered a written offer of compromise to Appellee’s attorney in the sum of $4,000.00.
On April 8, 1974, Appellee instituted suit on his compensation claim against Fontenot Construction Company and its alleged insurer, Hartford Indemnity Company. Service on Fontenot Construction Company was requested to be made at 633 Oak Villa Boulevard, Baton Rouge, Louisiana, and on Hartford through the Secretary of State. Fontenot Construction is wholly owned by Emery J. Fontenot, who is no relation to J. E. Fontenot. Service of plaintiff’s petition was made on Emery J. Fontenot April 11, 1974. On May 11,1974, a letter bearing the signature of Emery J. Fontenot, on Fonten-ot’s letterhead, was sent to Appellee’s attorney, advising him that the citation was not for Fontenot Construction Company.
On May 1, 1975, Appellee amended his petition, substituting Employer and St. Paul as defendants. Domiciliary service was made on Employer on May 5,1975, and on St. Paul by service on the Secretary of State on that same date.
The record shows that J. E. Fontenot and Emery J. Fontenot are not related by blood or marriage. They have no business connection whatsoever. Their places of business are quite removed from each other. About 25 years ago, J. E. Fontenot was employed by Emery J. Fontenot as a carpenter for a short while, at which time Emery J. Fontenot operated under his individual name. Although these parties admittedly know each other, they maintain no social contact. Both testified that they had not seen or spoken with each other for some years prior to the filing of this suit. J. E. Fontenot also testified that he had no knowledge of the suit until domiciliary service was made on the hereinabove mentioned date.
Appellee relies upon Allstate Insurance Company v. Manemin, 280 So.2d 857 (La.App. 3d Cir. 1973) and Brooks v. Wiltz, 144 So.2d 413 (La.App. 4th Cir. 1962), in urging that service on Fontenot Construction Company and Hartford was tantamount to service upon J. E. Fontenot General Contractors, Inc. and St. Paul because of the similarity of names and also because Appellants tendered an offer of compromise.
La.R.S. 9:5801 provides that prescription is interrupted as to all parties made defendant by filing suit in a court of competent jurisdiction having proper venue. If the court lacks jurisdiction or is one of improper venue, prescription is interrupted as to the defendants served.
As to one not made party, prescription may be interrupted by service of process upon one with whom such unserved party is solidarily liable or who is closely associated with a named defendant or has such connexity with a named defendant that it may be presumed that the unserved *663 party has notice of the action. Commercial Union Insurance Company v. Bringol, 262 So.2d 532 (La.App. 4th Cir. 1972).
The cases relied upon by Appellee are readily distinguishable. In McManemin, service on C. D. McManemin, owner of a vehicle involved in an accident, was held to interrupt prescription on McManemin’s major son, Doyle McManemin, who lived with his father and was driving the car at the time of the accident.
In Brooks, service was made on the twin brother of one who inflicted personal injuries on plaintiff. Both parties resided with their mother on whom domiciliary service was made. Within a week or so of service, the mother advised both parties of the filing of the action.
In this action, there is no solidary liability between the parties initially served and Appellants herein. While there is some similarity of corporate names involved, the record is clear beyond dispute that there was no connection between Employer and Fontenot Construction Company such that service upon the latter may be held to have interrupted prescription against the former. See Majesty v. Comet-Mercury-Ford Co., 296 So.2d 271 (La.1974).
It is ordered, adjudged and decreed that the judgment in favor of Appellee be and the same is hereby annulled, reversed and set aside and judgment rendered herein in favor of Appellants sustaining Appellant’s exception of prescription and dismissing Appellee’s action with prejudice.
Reversed and rendered.