PONDER, Judge.
Plaintiff appealed from the judgment denying on the grounds of estoppel her claim for rescission of a sale because of lesion beyond moiety.
The issues are the applicability of a claim for lesion against a trustee in bankruptcy, prescription and estoppel.
Plaintiff, Rose Marie Palmer Griffin, and defendant, Ruben E. Griffin, were married on March 11, 1977, after having lived together for some time. Prior to the marriage, plaintiff sold her house to the defendant and subsequently entered into a wage-earner's plan for bankruptcy. The sale document stated that the sale price was $11,-700.00, with no down payment, and that the defendant was to assume a mortgage of $3,000.00. The property was also encumbered by another mortgage with an approximate balance of $11,700.00, which plaintiff had assumed when she purchased the house.
After a judicial separation, the parties agreed to a community property settlement in which defendant was to transfer the house and other items to plaintiff provided that she assumed all indebtedness. In Griffin v. Griffin, No. 13,044 (1st Cir. Jan. 21, 1980) writ denied, 385 So.2d 267 (La.1980), this court held that the community property settlement was unenforceable because the offer was withdrawn prior to acceptance. The court also held that the original transfer of the property from plaintiff to defendant was not a simulation, because, in assuming the mortgage, defendant had given some consideration.
Thereafter, plaintiff filed this suit alleging the value of the property on the date of the sale to be not less than $30,000.00 and the only consideration was the assumption of a $3,000.00 mortgage. Defendant answered alleging adequate consideration, es-toppel and fraud. Since defendant had filed bankruptcy following the separation, plaintiff later added defendant’s bankruptcy trustee as a defendant.
The trial judge dismissed the suit against the trustee on a motion for directed verdict, holding that plaintiff, after advising the bankruptcy court that she had no real property, accepting the benefits of bankruptcy, and contributing to defendant’s financial problems, was estopped from asserting lesion.
The trustee argues that plaintiff’s claim against him has prescribed since he was not joined as a defendant until more than four years following the sale. La.C.C. Art. 2595.[1] Prescription may be interrupted by service of process upon one with whom an unserved party is solidarily liable, or who is so closely associated with the named defendant that it may be presumed that the unserved party had notice of the action. Kinchen v. Fontenot Construction Co., 359 So.2d 661 (La.App. 1st Cir.1978). There is a sufficient relationship between the trustee and the bankrupt to interrupt prescription by the filing of suit.
Plaintiff first argues that a trustee in bankruptcy is not a third party purchaser within the meaning of the rule that lesion beyond moiety does not extend to a good faith third party vendee. While the current bankruptcy law gives the trustee the rights and powers of a bona fide purchaser,[2] the *313 law in effect at the time of defendant’s petition for bankruptcy was that the trustee was subject to all claims that might have been asserted against the bankrupt. Bank of Marin v. England, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed. 197 (1966). We find that the trustee is subject to plaintiffs claim of lesion.
Plaintiff argues that estoppel may not be used to preclude a vendor from enforcing a claim based on lesion beyond moiety. Estoppel, not favored in law, prevents a person from asserting against another rights which are inconsistent with his prior acts or admissions. Westenberger v. State, Department of Education, 333 So.2d 264 (La.App. 1st Cir.1976). The necessary elements are 1) a representation by conduct or word; 2) a justifiable reliance thereon, and 3) a change of position to one’s detriment because of the reliance. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975). We know of no reason why a party asserting lesion beyond moiety should not be estopped, if these conditions are met.
Plaintiff transferred the property to the defendant prior to her filing for bankruptcy so as to make herself eligible to participate in a wage earner’s plan. Plaintiff swore that she owned no real property, and did not list the balance owed on the mortgage as one of her debts.
The defendant and the United States District Court evidently relied on plaintiff’s representations. Defendant testified that he paid the house note which consisted of payments on the $11,700.00 mortgage, and assumed other bills owed by the plaintiff as a result of the transfer. He ultimately had to file for release in bankruptcy himself.
We agree with the trial court that plaintiff should be estopped from asserting this claim after accepting the benefits of the wage earner plan.
Although the trustee failed to plead estoppel, he has the benefit of all defenses available to the bankrupt.[3] Pleadings may be enlarged to include an affirmative defense not specifically pleaded where evidence supporting such defense is introduced without objection. Edwards v. Edwards, 282 So.2d 858 (1st Cir.1973), writ denied, 284 So.2d 777 (La.1973). The defense of estoppel applies to the trustee.
The trial court’s judgment is affirmed with costs assessed to the appellant.
AFFIRMED.

. La.C.C. Art. 2595:
Actions for recission [rescission] of sales on account of lesion beyond moiety must be commenced within four years. These four years, with respect to minors, begin only from the day they become of age. With respect to persons of full age, they begin from the date of the sale.

. 11 U.S.C. § 544(a)(3):
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
* * * * * *
(3) a bona fide purchaser of real property from the debtor, against whom applicable law *313 permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

. 11 U.S.C. § 110(c)(1) as it read prior to the enactment by Pub.L. 95-598, Title I, § 101, Nov. 6, 1978, 92 Stat. 2549 of the new Title 11 entitled “Bankruptcy” which repealed the Bankruptcy Act under which defendant’s petition for bankruptcy was filed:
(c) The trustee may have the benefit of all defenses available to the bankrupt as against third persons, including statutes of limitation, statutes of frauds, usury, and other personal defenses; and a waiver of any such defense by the bankrupt after bankruptcy shall not bind the trustee. The trustee shall have as of the date of bankruptcy the rights and powers of:
(1) a creditor who obtained a judgment against the bankrupt upon the date of bankruptcy, whether or not such a creditor exists,
(2) a creditor who upon the date of bankruptcy obtained an execution returned unsatisfied against the bankrupt, whether or not such a creditor exists, and (3) a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceedings upon all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt upon a simple contract could have obtained such a lien, whether or not such a creditor exists. If a transfer is valid in part against creditors whose rights and powers are conferred upon the trustee under this subdivision, it shall be valid to a like extent against the trustee. In cases where repug-nancy or inconsistency exists with reference to the rights and powers in this subdivision conferred, the trustee may elect which rights and powers to exercise with reference to a particular party, a particular remedy, or a particular transaction, without prejudice to his right to maintain a different position with reference to a different party, a different remedy, or a different transaction.