442 So.2d 860 (1983)
Leroy GARRETT
v.
DIAZ DRAYAGE COMPANY, ABC Insurance Company, and Aetna Insurance Company.
No. CA 0636.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
*861 David W. Oestreicher, II, Oestreicher & Whalen, New Orleans, for plaintiff-appellant Leroy Garrett.
Madison C. Moseley, Blue, Williams & Buckley, Metairie, for defendant-appellee Firemans Fund Ins. Co.
Before BARRY and WARD, JJ., and CHIASSON, J. Pro Tem.
REMY CHIASSON, Judge Pro Tem.
Plaintiff in personal injury suit appeals from the judgment of the trial court maintaining defendant's exception of prescription.
On July 17, 1980, plaintiff Leroy Garrett was involved in an automobile collision with a vehicle whose owner and driver were unknown at the time of the accident. It is alleged that the truck left the scene of the accident and plaintiff only saw the name "Diaz" on the truck. Garrett filed suit on December 31, 1980, for damages naming Diaz Drayage Company as owner of the vehicle and ABC Insurance Company and Aetna Insurance Company as parties defendant. On June 29, 1981, within the one year period, Garrett amended his petition to add Fireman's Fund Insurance Company as an additional defendant in its alleged capacity as insurer of Diaz Drayage Company.
Fireman's Fund filed a motion for summary judgment on the grounds that it did not insure Diaz Drayage Company, and after a hearing held on October 23, 1981, judgment was rendered dismissing Fireman's Fund as the alleged insurer of Diaz Drayage Company. On October 30, 1981, plaintiff filed a second amended petition naming Diaz Cartage Company and Fireman's Fund as insurer of Diaz Cartage Company and the operator of the Diaz Cartage Company's truck. Fireman's Fund filed a peremptory exception of prescription on the grounds that plaintiff's second amended petition naming it as a party was filed over three months after the anniversary date of the accident and the action was thus barred by one year prescription.
On October 29, 1982, hearing on the exception was held and the trial judge maintained the exception. Plaintiff appeals that judgment.
Contrary to Fireman's Fund's contention in this court, the record before us reveals that the exception of prescription was filed only as to Fireman's Fund and it was not filed as to Diaz Cartage Company.
Unless prescription was interrupted as to Fireman's Fund or unless the second amendment relates back to the date of the filing of the original petition, the exception of Fireman's Fund is well taken.
Prescription is interrupted when the obligee commences action against the obligor. La.C.C. Article 3462. A suit against one solidary obligor interrupts prescription against others who occupy a position of solidarity with the party sued. La.C.C. Article *862 2097. An insurance company stands in a position of solidarity with its insureds and can be proceeded against directly without joinder of the insured whose conduct triggers the insurance coverage. La.R.S. 22:655.
Fireman's Fund contends we should decide the issue before us on the basis of Trahan v. Liberty Mutual Ins. Co., 314 So.2d 350 (La.1975) which held that a suit against an insurer of X did not interrupt prescription as to it as the insurer of Y. The Trahan case is factually distinguishable from our case because here we are dealing with an amended petition and not a separate suit which has been finally decided. As explained by the Supreme Court in the case of Baker v. Payne & Keller of La., Inc., 390 So.2d 1272 (La.1980), the statement in Trahan was made in explaining why C.C. Article 2097 did not require a finding that the first suit interrupted prescription against the new defendants and their insurers in the second suit. The insured named in the first suit had been absolved of liability and could not be solidary debtors with the insured in the second suit.
We are not called upon to ascertain whether prescription was interrupted as to Diaz Cartage Company and express no opinion on that point.
As to Fireman's Fund, the only difference between the original petition as first amended and the second amended petition is the inclusion of the allegation that Fireman's Fund was the insurer of Diaz Cartage Company and of the driver of the truck rather than the insurer of Diaz Drayage Company. The occurrence giving rise to the demand remains unchanged. Since the essence of interruption of prescription by suit is notice, we must determine whether the erroneous naming of Diaz Drayage Company for Diaz Cartage Company constitutes notice to Fireman's Fund of the plaintiff's claim against it. The basis of an action against an insurance company under the Direct Action Statute is the existence of a policy issued to the alleged tortfeasor which covers his liability. See Breitenbach v. Green, 186 So.2d 712 (La.App. 4th Cir. 1966). This is reflected in the language of the Direct Action Statute, R.S. 22:655, which provides that "[t]he injured person... shall have a right of direct action against the insurer within the terms and limits of the policy ... This right of action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not..." (Emphasis added). Because the existence of a policy is the basis of a direct action, if the plaintiff brings a direct action against an insurance company, the petition should give notice that the company is being sued in its capacity as insurer of a particular individual or group of individuals. See Liles v. Riblet Products of Louisiana, Inc., 514 F.2d 721 (5th Cir.1975).
If the insured is incorrectly named, although the insurance company is made aware of the occurrence and claim, the company would have no notice as to which policy the suit is based upon. It would be forced to proceed without the benefit of potential defenses based on the particular policy involved. This would undermine the rights of insurers spelled out in the Direct Action Statute: "[A]ny action brought [under this section] is subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured..." In this case, Fireman's Fund was sued as an insurer of a nonexistent insured, hence, it was not given notice as to the particular policy the action was based upon until over three months after the anniversary date of the accident.
Nonetheless, in Palmisano v. United States Fidelity and Guaranty Company, 371 So.2d 386 (La.App. 4th Cir.1979), the Court concluded that the prescriptive statute, R.S. 9:5801, is to be liberally construed so as to require only that the defendant be notified of the proceedings instituted against him in order to toll prescription. The crucial inquiry, therefore, is whether the original petition naming Diaz Drayage Company as the insured can be construed as putting Fireman's Fund on notice of a *863 claim against them as the liability insurer of Diaz Cartage Company. Were it not for the similarity of the names, we would be inclined to hold that Fireman's Fund was not given notice of the particular policy sued upon.
Nevertheless, due to the striking similarity of names of the original named insured and the later named insured, we hold that Fireman's Fund had notice sufficient to toll the running of prescription as against it under these peculiar circumstances. Thus prescription, having been interrupted, had not run at the time of the filing of the second amended petition.
For these reasons the judgment of the trial court is reversed, the peremptory exception of prescription is overruled, and the case is remanded for further proceeding, all at the costs of Fireman's Fund Insurance Company.
REVERSED AND REMANDED.