BOWES, Judge.
On October 7, 1977, while appellant, William Barnes, was employed by Wall Shipyard, Inc. as a tac welder, he was requested by the captain of the M/V C/Mack Zito tug boat to tie up an anchor line with a rope. As the tug floated away, the rope caught appellant’s hand, causing the rope to tighten up on his right wrist; as a result, his right hand was injured.
On September 5, 1978, appellant filed a petition naming Wall Shipyard and C. Mackzito Co. and Tug Boat, Inc. and United States P. and I. Agency, Inc. as defendants. On September 29, 1978, plaintiff filed a First Supplemental and Amended Petition stating that in the original petition United States P. & I. Agency, Inc. was inadvertently listed as the insurance company, when, in fact, the insurance carrier of the defendant was Continental Insur-anee Company. On February 4, 1981, 2½ years later, appellant filed another “First” Supplemental and Amended Petition, stating that in the original petition C. Mackzito Company and Tug Boat, Inc. was made a party defendant, and that C. Mackzito Co. and Tug Boat, Inc. is also known as Zito Towing, Inc. Service was not made on Zito Towing, Inc., however, until November 13, 1983, more than two years later, because during that time the plaintiff contends he was attempting to find out who was the proper agent for service of process for Zito Towing, Inc.
On November 15, 1983, appellees filed Exceptions of Prescription, No Cause of Action, Insufficiency of Citation and Service of Process, Lack of Subject Matter Jurisdiction and Want of Amicable Demand. The trial court granted the exceptions of prescription, no cause of action, insufficiency of citation and service of process, and dismissed the exceptions of lack of subject matter jurisdiction and want of amicable demand, and further dismissed appellant’s claim as to Zito Towing, Inc., with prejudice.
On June 6, 1986, appellant filed this appeal based on one issue: Whether or not the Trial Court was in error in granting the defendant’s exceptions? We hold that it was not and thus affirm.[1]
Appellant contends that the trial judge failed to consider Plaintiff’s First Supplemental and Amended Petition which was filed on February 4, 1981. Appellant’s brief further states that if the Trial Court had considered this Supplemental and Amended Petition, it’s decision on defendant’s exception would have been the reverse. It must be noted that this Supplemental and Amended Petition was not filed until three years and four months after the accident and was not actually served on the appellees until six years and one month after the accident happened.
*76 Appellant’s claim arises under the Long-shore and Harbor Workers’ Compensation Act. At the time of the accident, the timeliness of an action brought under general maritime law was determined under the doctrine of laches,[2] a doctrine peculiar to admiralty law. The court held in Nealy v. Fluor Drilling Services, Inc., 524 F.Supp. 789 (W.D. of La.1981).
Laches is a doctrine peculiar to the admiralty, which requires an action to be brought within a reasonable period of time after the cause of action arises or accrues. Most often, a “reasonable” period is deemed to be one in which there has been no prejudice to the defendant caused by the delay. [Footnote omitted]
[[Image here]]
Laches, an equitable doctrine, is not, like limitation, a mere matter of time, but principally a question of the equity or inequity of permitting the claim to be enforced. Holmberg v. Armbrecht, 1946, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743. One factor to be considered in determining whether laches bars assertion of a claim, and in apportioning the burden of persuasion is whether the analogous statute of limitations has expired, at page 794.
In the instant case, the analogous state statute of limitations is La.C.C. Art. 2315 which carries a one year prescription. Therefore, under Louisiana law, any action which appellant may have had against the appellee would have had to have been filed on or before October 7, 1978. “In the absence of extraordinary circumstances excusing delay and negativing prejudice, passage of time beyond the analogous state statute of limitations is presumed to have caused prejudicial detriment to defendants.” LaLande v. Gulf Oil Corporation, 317 F.Supp. 692 (W.D.La.1970) and cases cited therein.
It is clear that under the applicable Louisiana prescriptive period, appellant’s claim is untimely. Thus, the appellant must justify the excessive delay. Appellant provides no justification beyond the First Supplemental and Amended Petition which was not received by the appellee until more than six years from the date of the accident had passed. The appellee cannot reasonably be expected to defend against a case which has grown stale over a six year period. As the state statute of limitations of one (1) year had passed and the appellant does not present any extraordinary circumstances excusing his delay, we find that the appellee would be prejudiced. Consequently, unless the appellant’s amended petition related back to the original petition dated September 5, 1978, pursuant to La.C.C.P. Art. 1153, his action had prescribed. La.C.C.P. art. 1153 states:
Art. 1153. Amendment relates back
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment "relates back to the date of filing the original pleading.
Source: Fed.Rule 15(c).
A concomitant provision is La.C.C.P. art. 934, which provides the procedural mechanism by which petitions may be amended to remove the grounds upon which a peremptory exception of prescription might have been sustained:
La.C.C.P. art. 934 states:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply *77 with the order to amend, the action shall be dismissed.
The Louisiana Supreme Court in Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983) established the following criteria for determining whether La.C.C.P. art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of the filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
at page 1087.
Applying this standard to the instant case, we find that appellant did not satisfy the second requirement above and, accordingly, the dismissal of this defendant was not an error by the trial judge. To do otherwise would result in prejudice to the appellee. There can be no doubt that the passage of six years between the time of the accident and service of process on the appellee would severely prejudice their defense of the suit. The record reveals that appellee was not able to conduct a factual investigation because they could not locate witnesses to discuss the facts and circumstances of the case and appellee had no knowledge of its own of the facts of the accident, where the appellant was injured or if he was injured at all. The record reflects that no notification of the accident was provided until the appellee received process and the elapse of this six year period effectively precluded appellee from any meaningful investigation on which to base a defense.
Additionally, the third requirement of Ray, supra, was not met as there is no indication in the record that the appellee knew or should have known that; but for the plaintiffs mistake in suing the C. Mackzito Company and Tug Boat, Inc., rather than Zito Towing, Inc., the action would have been brought against it in proper style. Appellant contends the appellee had constructive notice because appellee received notice of the accident from a deck hand or the captain of the tug boat. However, appellee submits that they did not receive any notice from personnel assigned to that particular ship. We find that there is no proof that appellee received any notice whatsoever, constructive or otherwise, until they were served.
Under the circumstances outlined above, we find no error in the action taken by the trial court dismissing appellant’s claim against Zito Towing, Inc., with prejudice.
Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by appellant.
AFFIRMED.

. Once the trial judge maintained the exception of prescription, this was dispositive of the case making it unnecessary for him to rule on the other exceptions. As the trial judge did not err when he maintained the exception of prescription, we need only address this exception.

. This standard was statutorily overruled by Pub.L. 96-382, Sec. 1, Oct. 6, 1980, 94 Stat. 1525, 46 U.S.C. § 763(a), which reads:
763a. Limitations
Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.