**Elizabeth M. HENSGENS, Individually, Etc., et al., Plaintiffs–Appellants,**

v.

**DEERE & COMPANY, Defendant–Appellee.**

No. 88–4396.

United States Court of Appeals, Fifth Circuit.

April 12, 1989.

Rehearing and Rehearing En Banc Denied May 12, 1989.

Leslie J. Schiff, Sandoz, Sandoz & Schiff, Opelousas, La., for plaintiffs-appellants.

James T. Guglielmo, Charles M. Jarrell, Opelousas, La., for amicus curiae Schiff, Sandoz, et al.

L. Lane Roy, Roy & Hattan, Lafayette, La., for defendant-appellee.

John E. McElligott, Jr., Kyle L. Gideon, Davidson, Meaux, Sonnier & McElligott, Lafayette, La., for amicus curiae Gueydan Tractor, etc.

Before WISDOM, GARWOOD, and JOLLY, Circuit Judges.

WISDOM, Circuit Judge:

In this case the original complaint named *John Deere Corporation* as the defendant. The defendant's correct corporate name is *Deere & Company*. This misnomer raises the question whether under Louisiana law the complaint, timely filed in a court of competent jurisdiction and venue, interrupted the one-year liberative prescription applicable to delictual actions. We conclude that the misnaming of the defendant in the original complaint was not so egregious as to compel the court to void the effect of a timely filed suit to interrupt prescription of the plaintiff's claim.

I

The facts relevant to this appeal are undisputed.[1] On March 6, 1985 Charles Hensgens, Jr. was killed when he jump-started his tractor in gear and it rolled over him. Elizabeth Hensgens, his widow, filed suit individually and on her children's behalf, in a Louisiana state court on February 25, 1986. The suit was against John Deere Corporation, certainly a name very similar to but not the exact name of the defendant. The citation was served on April 28, 1986 on Deere & Company, a Delaware Corporation not qualified to do business in Louisiana or registered with the Secretary of State. Deere & Company filed a petition to remove the suit to federal court on May 27, 1986. Hensgens amended her petition to name Deere & Company as the defendant on June 3, 1986, and on June 9, 1986 the amended petition was served on the defendant by certified mail in accordance with the Louisiana Long Arm Statute. The plaintiff later amended her petition to add as a defendant Gueydan Tractor and Equip-

ment Co., from whom Hensgens had bought the tractor.

The district court granted summary judgment in favor of both defendants on the ground that the plaintiff's suit was barred by Louisiana's one-year prescriptive period for torts. On appeal this Court vacated the judgment for lack of subject matter jurisdiction and remanded the case to the district court to consider whether the addition of Gueydan, a nondiverse party, was proper. On remand, the district court denied the plaintiff's motion to add Gueydan and again granted summary judgment to Deere & Company on its prescription argument.

In its second order granting Deere & Company summary judgment the district court ruled that under Fed.R.Civ.P. 15(c) and the Supreme Court's recent opinion in *Schiavone v. Fortune*,[2] the plaintiff's amended petition changing the name of the party sued from "John Deere Corp." to "Deere & Company" did not relate back to the date the original petition was filed, and therefore, the plaintiff's claim was time-barred. We agree with the district court and the defendant that federal law regarding relation back of amendments to pleadings is controlling in diversity cases in federal court. Relation back of the amendment, however, is not a disputed issue in this case—if the filing of the original petition interrupted prescription. Whether the plaintiff's original petition naming John Deere Corp. as the defendant interrupted prescription against Deere & Company is a question to be resolved by Louisiana substantive law.

II

In diversity cases, of course, federal courts apply state statutes of limitations and related state law governing tolling of the limitation period.[3] The Louisiana Civil Code provides:

---

1. A summary of the facts at the time of the first appeal in this case can be found in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir.1987).

2. 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

3. *West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538 n. 4, 95 L.Ed.2d 32 n. 4[3b] (1987); *Walker v.*

Delictual actions are subject to a liberative prescription of one year.

La.Civ.Code Ann. art. 3492 (West Supp. 1989).

The methods of interrupting this prescriptive period are set forth in Civil Code article 3462:

Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

This case involves the first method of interruption, the commencement of an action against the defendant.

Article 421 of the Louisiana Code of Civil Procedure defines a civil action as "a demand for the enforcement of a legal right".[4] This article states that an action is "commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction".[5] This method of interruption of prescription focuses on the obligee's necessity to act within a limitation period, not on notice to the obligor, except in the sense that the filing of an action is notice. The act of filing interrupts prescription and although service of process on the defendant may not be delayed indefinitely,[6] it need not occur within the limitation period.[7] Moreover, the pleading filed need not be free of technical deficiencies.[8] Louisiana courts have long recognized that a citation insufficient to serve as the basis for a judgment may nevertheless suffice for the purpose of interrupting prescription.[9] This approach accords with the Louisiana rule that prescription statutes are construed strictly with ambiguities resolved in favor of preserving the cause of action.[10]

The liberal view of allowing imperfect pleadings to satisfy the commencement of action requirement and the law permitting service of process on the defendant after the prescriptive period has run is grounded in the civilian concept of the nature of liberative prescription. Liberative prescription bars legal actions to enforce a right where the *holder of the right* "has neglected to bring the action or exercise the right during a certain period of time".[11] As Baudry–Lancantinerie & Tissier point out, "[t]he basis for interruption of liberative prescription is not so much the knowledge of [or notice to] the debtor as the action of the creditor".[12] In the common law "the linchpin" may be "notice [to the obligor] and notice within the limitations period".[13] But in the civil law, the linchpin is "when the obligee commences action against the obligor, in a court of competent jurisdiction and venue". La.Civ.Code Ann. art. 3462.

---

*Armco Steel Corp.,* 446 U.S. 740, 752–53 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980).

**4.** La.Code Civ.Proc.Ann. art. 421 (West 1960).

**5.** *Id.*

**6.** *See* Comment, *Interruption of Prescription by Judicial Action in Louisiana,* 14 Tul.L.Rev. 601, 605 (1940).

**7.** *See, e.g., Levron v. Bonin,* 448 So.2d 211 (La. Ct.App. 1st Cir.1984); *Taranto v. Cook,* 425 So. 2d 1326, 1329 (La.Ct.App. 4th Cir.1983). *Miller v. New Orleans Public Service, Inc.,* 250 So.2d 108 (La.Ct.App. 4th Cir.1971); *Lipps v. Zor, Inc.,* 170 So.2d 915 (La.Ct.App. 4th Cir.1965).

**8.** Comment, *supra* note 6, at 606 (citing cases). *See also Lunkin v. Triangle Farms,* 208 La. 538, 23 So.2d 209 (1945).

**9.** *See, e.g., Phoenix of Hartford Ins. Co. v. U.S. Rubber Co.,* 245 So.2d 436 (La.Ct.App. 1st Cir. 1970); *Babin v. Lyons Lumber Co.,* 132 La. 873,

61 So. 855 (1913); *Gueble v. Town of Lafayette,* 118 La. 494, 43 So. 63 (1907); *Satterly v. Morgan,* 33 La.Ann. 846 (1881).

**10.** *See, e.g., St. Charles Parish School Bd. v. GAF Corp.,* 512 So.2d 1165, 1169 (La.1987); *United Carbon Co. v. Miss. River Fuel Corp.,* 230 La. 709, 89 So.2d 209 (1956).

**11.** 2 Aubry and Rau, Cours de Droit Civil Francais, § 475 (5th Ed.) (cited in 5 Civil Law Translations, Baudry–Lancantinerie & Tissier, Prescription § 26 at 15 (1972)).

**12.** 5 Civil Law Translations, Baudry–Lancantinerie & Tissier, Prescription, § 487 at 247 (1972). These commentators provide several examples of prescription being interrupted by a petition in justice that is not served on the interested party. *Id.*

**13.** *Schiavone v. Fortune,* 477 U.S. 21, 31, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18, 29 (1986).

Perhaps the quintessential example of Louisiana law allowing an obligee to protect his rights without having simultaneously to notify the obligor is the provision specifying that suit against one joint tortfeasor or solidary obligor interrupts prescription against all other joint tortfeasors or solidary obligors.[14] One justification suggested for dispensing with legal notice to unnamed joint tortfeasors is based on Louisiana's one-year prescriptive period for delictual actions. The interruption rule makes equitable the short limitation period by allowing a plaintiff to protect his rights against an unknown joint tortfeasor by bringing an action against the known defendant.[15]

Despite this policy of safeguarding a plaintiff's rights, there remains some confusion in Louisiana case law regarding the effect on prescription of a petition containing a misdescription or misnomer of a defendant. We are mindful that some decisions applying Civil Code article 3462 and its predecessors and Code of Civil Procedure article 1153 may be construed as militating against a conclusion that the original petition interrupted prescription in this case.[16] Those cases are factually distinguishable, however, and some, such as *Majesty v. Comet–Mercury–Ford Co. of Lorain Michigan,*[17] and its progeny [18] have been overruled by the Louisiana Supreme Court's decision in *Ray v. Alexandria Mall.*[19] Of the remaining viable decisions discussing this and the closely related issue of relation back of amended pleadings, a heavy majority support a finding that the plaintiff's petition naming "John Deere Corp." interrupted prescription against "Deere & Co." [20]

---

**14.** La.Civ.Code Ann. art. 2324(C) (West Supp. 1989). *See also Small v. Caterpillar Mfg. Corp.,* 319 So.2d 843 (La.Ct.App. 1st Cir.1975); *Scharff v. Cameron Offshore Services, Inc.,* 475 F.Supp. 48 (W.D.La.1979).

**15.** *See generally* Johnson, *Obligations, The Work of the Louisiana Appellate Courts for the 1972–1973 Term,* 34 La.L.Rev. 231, 235 & n. 25 (1974).

**16.** *See, e.g., Barnes v. Wall Shipyard,* 498 So.2d 74 (La.Ct.App. 4th Cir.1986); *Catalano v. GSB Theatres of Chalmette, Inc.,* 480 So.2d 428 (La.Ct.App. 4th Cir.1985); *Majesty v. Comet–Mercury–Ford Co. of Lorain Mich.,* 296 So.2d 271 (La.1974); *Morgan v. Epps,* 356 So.2d 1027 (La.Ct.App. 1st Cir.1977); *Martin v. Mudd Supply Co.,* 119 So.2d 484 (La.1960).

Article 1153 of the Louisiana Code of Civil Procedure addresses an issue related to the one presented by this case; when an amendment to a petition correcting a misnomer or changing a defendant relates back to the date the original petition was filed. The article, modeled on Fed.R.Civ.Proc. 15(c), provides:

> When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing of the original pleading.

The *Schiavone* decision interpreted Fed.R.Civ.P. 15(c) in part as requiring the defendant to have received notice of the suit before the limitation period ran in order for an amendment correcting the name to relate back to the filing of the original petition. The seminal Louisiana Supreme Court decision applying La.Code Civ. Proc.Ann. art. 1153, *Ray v. Alexandria Mall,* 434 So.2d 1083 (La.1983), does not require prior notice. The Court noted, however, that an officer of the defendant company had in fact been served before prescription ran.

**17.** 296 So.2d 271 (La.1974).

**18.** One such case, relied on heavily by Deere & Co. is *Small v. Caterpillar Mfg. Corp.,* 319 So.2d 843 (La.Ct.App. 1st Cir.1975).

**19.** 434 So.2d 1083 (La.1983). The *Ray* Court adopted a four-part test to determine whether an amendment altering the name of the defendant relates back to the original petition filing date. In doing so, the *Ray* Court overruled *Majesty v. Comet–Mercury–Ford Co. of Lorain, Mich.* which held that an amendment correcting a misnomer did not relate back to the date of filing of the original petition. At least one commentator has interpreted the *Ray* decision as leaving intact the Louisiana rule that if suit is filed in a court of competent jurisdiction and venue, service of process need not be made within the prescriptive period. Note, *Ray v. Alexandria Mall: Amending the Petition to Name a New Defendant,* 46 La.L.Rev. 179, 187 (1985).

**20.** *See, e.g., Nini v. Sanford Bros. Inc.,* 276 So.2d 262 (La.1973); *Peyton v. Torg Films Co.,* 370 So.2d 613 (La.Ct.App. 4th Cir.1979); *Stewart v. Maloney Trucking & Storage, Inc.,* 147 So.2d 62 (La.Ct.App. 4th Cir.1962); *Brooks v. Wiltz,* 144 So.2d 413 (La.Ct.App. 4th Cir.1962). In *Garrett v. Diaz Drayage Co., ABC,* 442 So.2d 860 (La.Ct.App. 4th Cir.1983) the plaintiff sued Diaz Drayage Company and its insurer, Fireman's Fund. The correct name of the insured was Diaz Cartage Company. The trial court dismissed the insurer from the case. The plaintiff then filed

This case is factually similar to *Peyton v. Torg Films Co.*[21] In that case the plaintiff filed suit on a tort claim about two weeks before prescription would have run and named as a defendant "Torg Films Company". Service of process was attempted under the provisions of the Louisiana Long Arm Statute.[22] About three months later, in response to a declinatory exception of insufficient citation and service of process filed by "Torg Film Services, Inc.", the plaintiff amended his petition to correct the name of the defendant. The court, distinguishing the facts of *Peyton* from the then valid precedent of *Majesty v. Comet–Mercury–Ford Co. of Lorain, Mich.* held that the plaintiff's original petition interrupted prescription against the defendant, Torg Film Services, Inc. The court noted several facts that supported treating the misnomer as a nonfatal defect for the purpose of interrupting prescription. First, the defendant, Torg Film Services, Inc., was not qualified to do business in Louisiana and thus, the plaintiff could not have easily ascertained the correct name by making an inquiry of the Secretary of State. Second, the name used in the petition, "Torg Films Company", was very similar to the defendant's correct name, "Torg Film Services, Inc." Third, because Torg Films Company was not a separate legal entity the plaintiff did not simply sue the *wrong* party. The court's ruling was in accordance with the policy of Louisiana courts not to penalize a plaintiff whose counsel makes a minor error causing no prejudice or injustice to the defendant, especially where some blame for the mistake rests with the defendant.[23]

As in *Peyton* the plaintiff in this case filed her original complaint about two weeks before the one-year tort prescriptive period would have run. The plaintiff's counsel first attempted service on a Louisiana corporation thought to be the defendant's instate agent for service of process. After this unsuccessful attempt and upon learning that Deere was not registered with the Secretary of State and did not have an instate agent for service of process, plaintiff's counsel served Deere through registered mail pursuant to the Louisiana Long Arm Statute. Like *Peyton*, this is not a case in which the plaintiff's counsel could have easily ascertained the correct name of defendant. Not being able to obtain the name through the Secretary of State, the attorney used the name as it appeared on the tractor, "John Deere".

The defendant argues, however, that the correct name could have been discovered by inspecting a serial number plate located on the transmission case inside of the then seven year-old tractor which reads: "John Deere Waterloo Tractor Works of Deere & Company, Waterloo, Iowa". In the light of the large "John Deere" logo on the side of the tractor, the lack of any other readily visible label identifying the company, and the lack of registration with the state or appointment of an instate agent for service of process, we conclude that it would indeed be harsh to penalize the plaintiff for not crawling under the hood in search of evidence that the name on the outside was not the defendant's true corporate name. Apropos criticism by the defendant of the

an amended petition naming Diaz Cartage Company and Fireman's Fund as the defendants —after the one year prescriptive period had run. The Court of Appeals held that "due to the striking similarity of names of the original named insured and the later named insured", prescription was interrupted as to Fireman's Fund, a joint tortfeasor, by the filing of the original suit and "prescription, having been interrupted, had not run at the time of the second amended petition", which corrected the misnomer. *Id.*

**21.** 370 So.2d 613 (La.Ct.App. 4th Cir.1979).

**22.** La.Rev.Stat.Ann. § 13:3201 (West Supp. 1989).

**23.** *See, e.g., Jackson v. American Employers' Ins. Co.,* 202 La. 23, 11 So.2d 225, 226 (1942); *Stewart v. Maloney Trucking & Storage, Inc.,* 147 So.2d 62 (La.Ct.App. 4th Cir.1962); *Allstate Ins. Co. v. Manemin,* 280 So.2d 857 (La.Ct.App. 3d Cir.1973); *Brooks v. Wiltz,* 144 So.2d 413 (La.Ct. App. 4th Cir.1962). *See also* Comment, *Interruption of Prescription by Judicial Action in Louisiana,* 14 Tul.L.Rev. 601, 607 (1940). Perhaps foreshadowing the approach ultimately adopted by Louisiana courts, the author of the comment wrote, "Article 3518 does require official notice, but it would seem that for the purpose of interrupting prescription, the better view would require no more than a *bona fide* attempt to satisfy all the technicalities of a judicial citation and a colorable compliance with them."

plaintiff's failure to discover the correct name of the defendant, the plaintiff wonders why the defendant referred to itself as an Illinois corporation in its removal petition and as a Delaware corporation in its answer to the complaint. The Court wonders why the defendant's removal petition was filed on behalf of John Deere Corporation. If John Deere Corporation is a nonentity then this case was removed by a nonentity, not by the defendant. These captious puzzlements have a bearing on this case in the limited sense that they carry to absurdity the defendant's argument, basically, that the plaintiff must suffer for her lawyer's mistake, one that the parties knew was an insignificant error in nomenclature.

As in the Torg Film Company/Torg Film Services Company (*Peyton*) case and as in the Diaz Drayage Company/Diaz Cartage Company (*Diaz*)[24] case, the name used here, John Deere Corp., is close to the defendant's correct corporate name, Deere & Company. It was close enough for the defendant to know that it was being sued. Moreover, this case, like *Peyton* and *Diaz*, is not one in which the plaintiff sued the wrong party; there are not two distinct legal entities involved. And Deere & Company has suffered no injustice or prejudice because of the amendment to the pleading.

### III

Law is not a game of scrabble. The original timely filed petition naming John Deere Corp. as the defendant interrupted prescription against Deere & Company under Louisiana Civil Code article 3462. Louisiana and federal law regarding the relation back of an amendment to a complaint need not be addressed. Prescription had not run at the time the amended petition, correcting the minor misnomer, was filed.

We REVERSE the district court's grant of summary judgment to Deere & Company. We AFFIRM the district court's denial of the plaintiff's motion to add Gueydan Tractor Co. as a defendant. We REMAND

24. *See supra* note 20.

the case to the district court for further proceedings consistent with this opinion.