319 So.2d 843 (1975)
Daniel SMALL, Jr., Plaintiff-Appellant,
v.
CATERPILLAR MFG. CORP. et al., Defendants-Appellees.
No. 10426.
Court of Appeal of Louisiana, First Circuit.
September 2, 1975.
Steven F. Griffith, Destrehan, for plaintiff-appellant.
Francis G. Weller, New Orleans, for defendants-appellees.
*844 Before SARTAIN, ELLIS and PICKETT, JJ.
SARTAIN, Judge.
This suit comes before us on a peremptory exception of one year prescription maintained in favor of defendant, Caterpillar Tractor Company, in a suit for personal injury allegedly sustained by plaintiff, Daniel Small, Jr. We reverse for reasons stated herein.
The abbreviated record before us reveals that plaintiff alleges personal injury sustained on July 31, 1973 while operating machinery manufactured by "Caterpillar Manufacturing Corporation" and sold by Boyce Machinery Corporation which malfunctioned and caused him to be sprayed by hot fertilizer. Suit was instituted on July 31, 1974 against "Caterpiller Manufacturing Corporation", Boyce Machinery Corporation, John Doe and XYZ Corporation or Company, all of whom were alleged to be liable jointly, severally, and in solido to plaintiff for their negligent acts. Defendant "Caterpillar Manufacturing Corporation" was alleged to be a non-resident corporation not licensed to do business but doing business in the state, and service was effected through the Secretary of State on August 2, 1974. Service on Boyce Machinery Corporation was made through its agent on August 8, 1974.
On October 11, 1974, Caterpillar Tractor Company filed a motion to quash citation and service of process alleging that the same had been defective because there was no corporation known as "Caterpillar Manufacturing Corporation" and that Caterpillar Tractor Company was a foreign corporation authorized to do business in the state and had appointed C. T. Corporation System, 1300 Hibernia Bank Building, New Orleans, as agent for service of process.
As a result of this motion, plaintiff filed on October 17, 1974 a supplemental and amending petition wherein he substituted "Caterpillar Tractor Company" for "Caterpillar Manufacturing Corporation" and requested service through its agent in New Orleans.
Following plaintiff's filing of the supplemental petition, defendant Caterpillar Tractor Company filed a peremptory exception of prescription of one year showing that plaintiff had alleged in his original petition that the cause of action arose on July 31, 1973 and suit against defendant Caterpillar Tractor Company had not been filed until October 17, 1974, more than one year following the date of the incident.
Subsequently, on December 26, 1974, the trial judge granted defendant's motion to quash, maintained the plea of prescription, and accordingly dismissed plaintiff's claim against Caterpillar Tractor Company.
It is well settled that the mere filing of a supplemental petition to correct a misnomer in the original petition does not relate back to the time of the filing of the original petition for purposes of prescription. Bowerman v. Pacific Mutual Insurance Company, 212 La. 1000, 34 So.2d 53 (1948); Majesty v. Comet-Mercury-Ford Company of Lorain, Michigan, 296 So.2d 271 (La.1974). In the Bowerman case, supra, suit was filed and service effected upon the Secretary of State within the year against Pacific Mutual Insurance Company. The Secretary of State forwarded citation and a copy of the petition to Pacific Mutual Life Insurance Company in Los Angeles, California. This company informed the Secretary of State that service was evidently made in error as it wrote no workmen's compensation insurance in Louisiana. An amended petition was filed to join the proper insurer, Pacific Employers Insurance Company, and service made, but all more than one year following the incident. The court held that Pacific Employers' plea of prescription was valid reasoning that the true insurer had not been sued within the proper period, nor was there proof that he had notice or actual *845 knowledge of the instituted proceedings within the prescriptive period. It is obvious in the present suit that defendant, Caterpillar Tractor Company, had no actual notice of the suit within the prescriptive period since suit was not instituted until the last day of the prescriptive period and service on the Secretary of State made several days thereafter.
In Majesty, supra, suit was filed prior to the expiration of one year, but service was made one day after the year had run against Comet-Mercury-Ford of Lorain, Michigan. Ford Motor Company filed a motion to quash citation and service of process. More than a year after the incident an amended petition was filed naming the proper party, Ford Motor Company of Lorain, Ohio, and service effected through its agent in New Orleans. The court found prescription had not been interrupted and sustained the exception of prescription stating that the amending petition to correct a misnomer did not relate back to the filing of the original petition and that the original petition interrupted prescription only as to those actually named therein in the absence of solidary liability between one actually named in the petition filed prior to the termination of the prescriptive period and one not so named.
Thus, in the present suit where the incident allegedly occurred on July 7, 1973, and defendant, Caterpillar Tractor Company, was not made a party to the suit until October of 1974, an exception of prescription must be maintained unless a valid interruption has occurred.
We feel the situation in this case is governed by the rule enunciated by the Louisiana Supreme Court in Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724 (La.1973). The court there held that where one solidary obligor was timely sued and prescription as to him was interrupted pursuant to R.S. 9:5801[1] then prescription was further interrupted as to another solidary obligor pursuant to Civil Code Art. 2097.[2] The latter was joined later by supplemental petition which contained facts not controverted and sufficient on their face to establish solidarity between the party joined and the original defendant. The court noted the uncontroverted facts in the supplemental petition and thus found no basis to support the plea at that point, but noted further that the plea might be sustained later in the proceedings if it were definitively established that the plea was founded on solid grounds such as failure of solidarity between the parties, thus making suit against the second defendant untimely.
In the present case, plaintiff has alleged facts in his supplemental petition joining Caterpillar Tractor Company which, if established, could lead to solidary liability between it and the defendant, Boyce Manufacturing Company, who was timely sued. These facts allege that Boyce and Caterpillar are, in effect, joint tort feasors. It is well settled that joint tort feasors are solidary obligors. C.C. Art. 2324[3] and Pearson, supra. The facts are further uncontroverted by any evidence in the record as it now stands before us. We note here as did the court in Pearson that should it develop at a later time during the course of the proceedings that the plea is well founded (i. e., for lack of solidary liability *846 between the parties) then at that time the plea should be maintained.
Defendant argues that prescription as to Caterpillar could not be interrupted since citation on the solidary obligor timely sued was not made until after the one year limitation and it was only at that time that prescription could have been interrupted. He cites C.C. Art. 3552[4] for this proposition. While citation may indeed interrupt prescription we do not feel under the law that it is exclusive. Pursuant to R.S. 9:5801 prescription is interrupted as to all defendants by commencement of a suit in a court of competent jurisdiction. Commencement of suit is defined in C.C.P. Art. 421[5] to be the filing of a pleading presenting the demand in a court of competent jurisdiction. Thus, at that point suit has been brought and prescription interrupted as to the party or parties named. La.C.C. Art. 2097 further provides that when suit is brought against one solidary obligor prescription as to all other solidary obligors is interrupted. A resolution of the matter in this way is in keeping with the traditional notion of statutory construction in prescription matters last enunciated by the Louisiana Supreme Court in Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972) as follows:
"Under Louisiana jurisprudence, prescriptive statutes are strictly construed, and of two permissible constructions that is adopted which favors maintaining rather than barring the action. United Carbon Co. v. Mississippi River Fuel Corp., 230 La. 709, 89 So.2d 209 (1956); Mansur v. Abraham, 183 La. 633, 164 So. 421 (1935). Cf. also State v. Stewart Bros. Cotton, 193 La. 16, 190 So. 317 (1939) (prescription is stricti juris).
In the case of Sharp v. Massey Ferguson, 153 So.2d 508 (La.App., 1st Cir., 1963) we held that suit filed before, but service after the prescriptive period had run, was sufficient to interrupt prescription against solidary obligors who were joined after the one year limitation.
For the above reasons we feel that it was improper to maintain the plea of prescription at the present time and accordingly we reverse the decision of the trial court and remand for further proceedings not inconsistent with the views expressed herein. All costs of this appeal are cast against Caterpillar Tractor Company. All other costs are to await a final disposition of this proceeding.
Reversed and remanded.
NOTES
[1] § 5801. Interruption of prescription by filing of suit, service of process

All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.
[2] § 2097. Interruption of prescription

A suit brought against one of the debtors in solido interrupts prescription with regard to all.
[3] Art. 2324. Liability for assisting or encouraging wrongful act

He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.
[4] Art. 3552. Interruption with regard to co-debtors and co-heirs

A citation served upon one debtor in solido, or his acknowledgment of the debt, interrupts the prescription with regard to all the others and even their heirs.
[5] Art. 421. Civil action; commencement; amicable demand unnecessary

A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. Amicable demand is not a condition precedent to a civil action, unless specifically required by law.