420 So.2d 720 (1982)
Philip DUPLECHAIN and Bernice Duplechain
v.
CLAUSING MACHINE TOOLS, and Howell Electric Motors, and Atlas Press Co., and Oliver H. Van Horn, Inc.
No. 13098.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1982.
*721 Michael R. Holmes, New Orleans, for plaintiffs-appellants.
John P. Manard, Jr., Alan T. Rogers, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for defendants-appellees.
Before BARRY, BYRNES and CIACCIO, JJ.
BARRY, Judge.
The issues in this products liability suit are twofold. Was prescription interrupted when Clausing Corporation and Zurich-American Ins. Co. were named co-defendants more than one year after the accident? Was it proper to dismiss Clausing Machine Tools because of insufficient evidence to maintain personal jurisdiction?
For the reasons stated herein, we reverse the judgment maintaining the exception of prescription and remand for trial on the merits against Clausing Corporation and Zurich-American Ins. Co. We remand the judgment sustaining the exception of lack of personal jurisdiction over Clausing Machine Tools to allow plaintiff an opportunity to cure the jurisdictional defect.

FACTS AND PROCEDURAL BACKGROUND
According to the scanty record before us, plaintiff received personal injuries from an allegedly defective drill press on January 25, 1979 and filed suit on January 25, 1980. Plaintiff claims his injury occurred in the course of his employment while operating a drill press which bore an identification plate with the name "Clausing" and a serial number. In his petition plaintiff named as defendants Clausing Machine Tools, believed to be the press manufacturer, and Atlas Press Co., alleged to be the parent or controlling company of Clausing Machine Tools. Plaintiff also sued Howell Electric Motors, the alleged manufacturer of the motor component of the press, and Oliver H. Van Horn, Inc., the alleged distributor of the press.
Howell and Van Horn were served; however, there is nothing in the record showing citations were issued to Atlas or Clausing Machine Tools and there are no returns of service. In March of 1980 (approximately 14 months after the subject accident) plaintiff apparently attempted to notify both defendants of the lawsuit by mailing uncertified copies of the petition, without citations, to an address in Oshtemo, Michigan. *722 The copies, however, were not delivered to Atlas or Clausing Machine Tools but were received instead by Clausing Corporation which was located at the Oshtemo address.
On July 7, 1980, about a year and five months after the alleged accident, plaintiff filed an amended petition joining Clausing Corporation and its insurer, Zurich-American Ins. Co., as additional defendants. The amended petition incorporated by reference plaintiff's original allegations against Clausing Machine Tools and Atlas, and further averred that "Clausing Machine Tools and Atlas Press Co. and Clausing Corporation may in fact be one in [sic] the same entity." Zurich was joined as the insurer of Atlas, Clausing Machine Tools, and/or Clausing Corporation.
Plaintiff did not allege that the defendants are solidarily liable in his original or amended petitions. However, the petitions do allege the press and its component parts, including the motor, were defective and all defendants are liable to plaintiff in the amount of $832,000.00

PRESCRIPTION AS TO CLAUSING CORPORATION AND ZURICH-AMERICAN INS. CO.
All parties concede the applicable prescriptive period is one year and Clausing Corporation and Zurich were not named defendants, served with process, nor otherwise notified of plaintiff's claim against them until more than a year after the claim arose. Plaintiff raises two grounds in order to avoid the plea of prescription.
Plaintiff's first contention is that, because of a close similarity in the names of Clausing Machine Tools and Clausing Corporation, identical addresses, a close interrelationship between the defendant entities, plaintiff's good faith efforts to identify the actual drill manufacturer, and "the fact that the plaintiff ... was actually misled" as to the identity of the press manufacturer, the case falls within a jurisprudentially created exception to the rule that suit is barred against all defendants not timely joined or served. However, the evidentiary record before us is insufficient to support these factual allegations.
Plaintiff's second contention is based on LSA-C.C. Art. 2097 under which "[a] suit brought against one of the debtors in solido interrupts prescription with regard to all." It is undisputed that plaintiff timely sued Howell Electric Motors, the alleged manufacturer of the motor component of the press, and Oliver H. Van Horn, Inc., the alleged dealer and servicer of the press, along with Clausing Machine Tools and Atlas, seeking damages from all defendants. The amended petition reiterates the same allegations as to Clausing Corporation, as manufacturer, and joins Zurich-American as insurer of Clausing Corporation, Clausing Machine Tools, and/or Atlas.
While neither the original nor amended petitions explicitly allege solidary liability, the facts claimed, and the prayer for relief, treat all of the defendants as joint tortfeasors. Under Civil Code articles 2103 and 2324, and settled case law, joint tortfeasors are deemed solidary obligors, even though their concurrent negligence results from different acts or breaches of different obligations. Thomas v. W & W Clarklift, Inc., 375 So.2d 375 (La. 1979); Cavalier v. City of New Orleans, 273 So.2d 303 (La.App. 4th Cir. 1973); Pearson v. Hartford Accident and Indemnity Co., 281 So.2d 724 (La.1973).
Small v. Caterpillar Mfg. Corp., 319 So.2d 843 (La.App. 1st Cir. 1975) was a similar fact situation where the plaintiff filed a products liability suit improperly naming "Caterpillar Mfg. Corp." as the manufacturer, but properly naming Boyce Machinery Corp. as the seller. After the prescriptive period had run, plaintiff filed a supplemental petition joining Caterpillar Tractor Co., the actual manufacturer. Noting the possibility of solidary liability between the manufacturer and the seller, the court found that "[p]laintiff has alleged facts in his supplemental petition joining Caterpillar Tractor Company which, if established, could lead to solidary liability between it and the defendant, Boyce Manufacturing Company, who was timely sued. These *723 facts allege that Boyce and Caterpillar are, in effect, joint tortfeasors. It is well settled that joint tortfeasors are solidary obligors." 319 So.2d at 845. Observing that there was no evidence in the record controverting defendants' solidary liability, the Small court ruled that the exception of prescription should have been denied; however, the court left open the possibility the exception could be maintained later in the proceedings if evidence definitively established the defendants were not solidary obligors.
Plaintiff in this case alleged that his injuries were caused by the concurrent negligence of the motor manufacturer, the drill press manufacturer, and the distributor of the press, thereby classifying all defendants as joint tortfeasors and, as such, solidary obligors. There is ample support for holding manufacturers and sellers of defective products solidarily liable when the facts show fault by both parties. See Horowitz v. Schwegmann Bros. Giant Super Markets, 376 So.2d 603 (La.App. 4th Cir. 1979); Chappuis v. Sears Roebuck & Co., 358 So.2d 926 (La.1978). In redhibition cases, manufacturers and retailers are also held liable in solido. Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972); Millin v. Dawson, 387 So.2d 1213 (La.App. 1st Cir.1980); Bison v. LaHood, 390 So.2d 920 (La.App. 2d Cir. 1980). The concurrent negligence of a manufacturer and an installer-servicer may also result in solidary liability. American Security Ins. Co. v. Griffith's Air Conditioning, 317 So.2d 256 (La.App. 3rd Cir.), cert. denied 320 So.2d 915 (La.1975).
In the absence of any facts controverting the solidary liability of the defendants herein, we hold that the allegations of the petition are sufficient to characterize Clausing Corporation as a possible joint tortfeasor with Howell Electric Motors and Oliver H. Van Horn, Inc., thereby interrupting prescription as to Clausing Corporation. If, during subsequent proceedings, it is shown that solidary liability does not exist, an exception of prescription would be proper and should be maintained at that time.
With regard to interruption of prescription against Zurich-American Insurance Co., it is well settled that an insurer is solidarily liable with its insured. Pearson v. Hartford Accident & Indemnity Co., supra; Trahan v. Highlands Ins. Co., 343 So.2d 1163 (La. App. 3rd Cir. 1977); Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1st Cir. 1960). The amended petition alleges Zurich insured Atlas Press and/or Clausing Machine Tools (two of the original defendants) as well as Clausing Corporation, and since there is no evidence to the contrary, prescription against Zurich was also interrupted.

PERSONAL JURISDICTION OVER CLAUSING MACHINE TOOLS
Plaintiff's original petition alleged Clausing Machine Tools "is a foreign corporation which regularly does or solicits business and derives substantial revenue from goods used or consumed in the State of Louisiana," tracking the language of LSA-R.S. 13:3201(d), our "long-arm statute." In order to obtain personal jurisdiction over Clausing Machine Tools under that statute, plaintiff must show, in addition to alleged business contacts with the state, that Clausing Machine Tools "cause[d] injury or damage in this state by an offense or quasi-offense committed through an act or omission outside of this state."
The only evidence in the record as to Clausing Machine Tools' contacts with Louisiana is the uncontroverted affidavit of George Rathke, its vice president. The affidavit declares that Clausing Machine Tools is an Illinois partnership, not authorized to do or doing business in Louisiana; that it has no employees, agents, offices, franchises, assets of any kind, etc. in Louisiana; that the partnership did not exist before its formation in July, 1979; and that "the said entity had nothing whatever to do with the design, manufacture or sale of the machine involved in this suit."
The affidavit does not explicitly or implicitly negate the allegation that Clausing Machine Tools "derives substantial revenue" *724 from its products sold in Louisiana, but it does controvert all of plaintiff's other allegations regarding defendant's contacts with Louisiana. There is no evidence before us indicating that Clausing Machine Tools currently manufactures or sells any products which are ultimately used or consumed in Louisiana. Even assuming, arguendo, that Clausing Machine Tools does "derive substantial revenue" at this time from its goods sold through independent retailers here, the affidavit is sufficient, in the absence of any countervailing evidence, to negate the most basic requirement of our long-arm statute, that plaintiff's cause of action arise from the defendant's acts or omissions. Rathke's affidavit avers that Clausing Machine Tools was not in existence before or at the time of plaintiff's alleged injury, and had no connection with the drill press involved in that accident. Thus, Clausing Machine Tools has made a prima facie showing that it is not amenable to personal jurisdiction in Louisiana, which plaintiff has failed to controvert. We find, however, that the trial court erred in dismissing Clausing Machine Tools from this suit without first allowing plaintiff additional time to attempt to establish personal jurisdiction.
Article 932 of the Louisiana Code of Civil Procedure mandates that:
[w]hen the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court. (Emphasis added).
Our jurisprudence has construed this provision to require the granting of an opportunity to "cure" such a jurisdictional defect, unless it is clear from the record that the grounds for defendant's objection cannot be removed. Simas v. Hicks, 381 So.2d 949 (La.App. 3rd Cir. 1980); Louisiana Power & Light v. Ursin, 334 So.2d 559 (La.App. 4th Cir. 1976); Ticheli v. Silmon, 304 So.2d 792 (La.App.2d Cir. 1974); Francis v. Tex. Pacific Ry. Emp. Hospital Assn., 148 So.2d 118 (La.App.3d Cir.1962).
Plaintiff concedes that he has adduced no evidence to support his jurisdictional allegations, but requests that the exception be remanded to allow plaintiff to obtain "the information necessary to prove or disprove plaintiff's theories." This court is aware plaintiff failed to initiate any discovery during the time between filing of the exception and the hearing thereon. We are also aware plaintiff did not seek a continuance of that hearing, or request time to cure, following the lower court's ruling. Furthermore, it is not clear to us that plaintiff can "remove" the grounds of defendant's objection. Mere amendment of the petition will not suffice, in the face of Clausing Machine Tool's affidavit. It is possible, however, that plaintiff may be able to produce evidence that would establish contacts with Louisiana sufficient to subject Clausing Corporation to personal jurisdiction in Louisiana. Article 932 of the Louisiana Code of Civil Procedure mandates that plaintiff be given an opportunity to do so. We therefore hold the district court's dismissal of Clausing Machine Tools as a co-defendant was premature under Article 932.
Accordingly, the district court's judgment maintaining the exception of prescription as to Clausing Corporation and Zurich-American Ins. Co. and the judgment maintaining the exception as to lack of personal jurisdiction over Clausing Machine Tools are reversed and this matter is remanded for further proceedings in accordance with the views expressed herein.
REVERSED; REMANDED.