**Edmond D. COCKERHAM**

v.

**ARMSTRONG WORLD INDUSTRIES, et al.**

Civ. A. No. 89-141-A.

United States District Court, M.D. Louisiana.

July 19, 1989.

George R. Covert, Covert & Braud, Baton Rouge, La., for plaintiff.

Jode D. Bourque, Ethel H. Cohen, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendants, Armstrong World Industries, Keene Corp., and GAF Corp.

Lawrence G. Pugh, III, New Orleans, La., for defendant, Celotex Corp.

Patrick D. Gallagher, Jr., Scofield, Gerard, Veron, Hoskins & Soileau, Lake Charles, La., for defendants, Fibreboard Corp., Owens–Illinois, Inc. and Pittsburgh Corning Corp.

Michael T. Cali, Gerald J. Talbot, Lemle, Kelleher, Kohlmeyer, New Orleans, La., for defendant, Owens–Corning Fiberglas Corp.

Anthony J. Staines, Ellefson, Pulver & Staines, Metairie, La., for defendant, Eagle Picher Industries.

Maria I. O'Byrne Stephenson, Maria I. Patino–Caro, Lisa C. Matthews, New Orleans, La., for defendant, Rock Wool Mfg.

## RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS

JOHN V. PARKER, Chief Judge.

This matter is before the court on the motion of several defendants for judgment on the pleadings. Timely opposition has been filed. The court finds that there is no need for oral argument. Jurisdiction is allegedly based upon diversity of citizenship.

Plaintiff initiated this action against several asbestos manufacturers, seeking damages for injuries allegedly sustained as a result of asbestos inhalation. Defendants, Armstrong World Industries, Fibreboard Corporation, Keene Corporation, Rock Wool Manufacturing Co., Owens–Corning Fiberglas, Owens Illinois, Inc., Pittsburgh Corning Corporation, and GAF Corporation, now move the court to dismiss plaintiff's complaint on the basis that the claims have prescribed under the applicable Louisiana one-year prescriptive period.

In support of this claim, moving defendants argue that plaintiff was diagnosed as having the disease asbestosis in December of 1981, but did not file suit until February 24, 1989. Plaintiff contends that prescription as to all defendants was interrupted by virtue of the fact that Johns–Manville Sales Corporation was in bankruptcy from August 26, 1982 until February 25, 1989. It is plaintiff's contention that because Johns–Manville is a solidary obligor with moving defendants, the stay imposed by the bankruptcy interrupted prescription as to all defendants under La.Civ.Code art. 3503. Moving defendants argue that the Johns–Manville bankruptcy served only to suspend prescription as to the claims against Johns–Manville only, and therefore, did not interrupt prescription as to any of the other defendants.

Article 3503 of the Louisiana Civil Code provides in pertinent part that, "[w]hen prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors." Under this article, prescription is interrupted as to all defendants: (1) by commencement of a suit against one defendant in a court of competent jurisdiction, *Small v. Caterpillar Mfg. Corp.*, 319 So.2d 843, 846 (La.App. 1st Cir.1975); or (2) by an acknowledgment in accordance with Civil Code art. 3464. *See*, Comment to Civil Code art. 3503. Under the former theory, "[f]or prescription to be interrupted, at least one actual solidary obligor must be sued." *Bankston v. B & H Air Tools, Inc.*, 486 So.2d 199 (La.App. 1st Cir.1986).

Clearly, in this case, no suit was filed, and no evidence has been offered to indicate an acknowledgment on the part of any of the defendants. Therefore, prescription was not interrupted as that term is contemplated by article 3503. Plaintiff argues that the imposition of the automatic stay provisions of federal bankruptcy law, 11 U.S.C. § 362, in favor of Johns–Manville acted to interrupt prescription under Louisiana law. Section 362 operates to stay all actions against the debtor that were or could have been commenced prior to the bankruptcy. Under the provisions of the bankruptcy code, those who wish to file civil actions against the debtor, but are precluded from doing so by the automatic stay are granted an extension of time in which to file the action. The bankruptcy code, 11 U.S.C. § 108(c) provides in part:

(c) [I]f applicable nonbankruptcy law, ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension period occurring on or after the commencement of the case, or

(2) 80 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

In this case, plaintiff was clearly precluded from proceeding against Johns–Manville during the pendency of the bankruptcy. That may well amount to a suspension of prescription as to Johns–Manville under Article 3472 of the Louisiana Civil Code. A *suspension* of prescription does not equal to an *interruption* of prescription. Under Article 3503, it is only an interruption of prescription, not a suspension, which is effective against other solidary obligors.

Plaintiff argues extensively that since the bankruptcy court had exclusive jurisdiction over the claim against Johns–Manville under 28 U.S.C. § 1471(e) and he thus could not interrupt prescription by filing suit against Johns–Manville, the bankruptcy stay must act as an interruption. Plaintiff's argument is unpersuasive. As noted, the bankruptcy proceedings may well constitute a suspension under Louisiana law *as to Johns–Manville* but the bankruptcy proceedings had no effect as to the other defendants. From the complaint itself, plaintiff did not file this action until more than one year after he was in possession of facts indicating that he had contracted the disease.

"When an action appears to have prescribed on the face of the petition, the

plaintiff bears the burden of establishing facts which would interrupt or suspend prescription." *Ayo v. Johns–Manville Sales Corp.*, 771 F.2d 902, 908 (5th Cir.1985). In this case, the petition clearly shows that plaintiff was made aware of his condition in 1981, and that suit was not filed until 1989. Because the burden is on the plaintiff to show an interruption of prescription and because plaintiff has failed to sufficiently establish facts to show interruption as to the claims against moving defendants, the motion to dismiss on the pleadings is proper at this time.

Accordingly, the motion to dismiss by Armstrong World Industries, Fibreboard Corporation, Keene Corporation, Rock Wool Manufacturing Co., Owens–Corning Fiberglas, Owens Illinois, Inc., Pittsburgh Corning Corp., and GAF Corporation is hereby GRANTED.