839 So.2d 363 (2003)
David HAMPTON and Linda Hampton, Plaintiff-Appellant,
v.
CAPPAERT MANUFACTURED HOUSING, INC., et al, Defendant-Appellee.
No. 36,773-CA.
Court of Appeal of Louisiana, Second Circuit.
January 29, 2003.
*364 Dianne Hill, for Plaintiff-Appellant.
Richard Fewell, Jr., for Defendant-Appellee, Cappaert Manufactured Housing.
Leo J. D'Aubin, for Defendant-Appellee, Manufactured Housing of Alexandria, Inc.
Before PEATROSS, KOSTELKA and HARRISON (Pro Tem.), JJ.
HARRISON, Judge Pro Tem.
David and Linda Hampton appeal a summary judgment that dismissed their redhibition claim against Manufactured Housing of Alexandria, d/b/a Farr's Manufactured Housing ("Farr"), the seller of an allegedly defective mobile home. They also contest an earlier judgment that denied their rule to transfer the case from the Fourth Judicial District Court, Ouachita Parish, to the 23d Judicial District Court, Ascension Parish, where they live and the mobile home is located. For the reasons expressed, we affirm.

Procedural background
On July 12, 1993, the Hamptons special-ordered a new Phoenix double-wide mobile home from Farr in Alexandria, Louisiana. It was not delivered to their site in Donaldsonville, however, until early November. According to the petition, the Hamptons immediately discovered "numerous defects, inferior materials and inferior workmanship." They filed the instant suit in August 1994 against three defendants "jointly, severally and in solido": Cappaert Manufactured Housing, the manufacturer ("Cappaert"); Farr; and Manufactured Housing of Jena (apparently another business name of Farr's, no longer being pursued by the Hamptons). The Hamptons sought to rescind the sale or reduce the purchase price. Their attorney filed the suit in Ouachita Parish, Farr's domicile.
Represented by new counsel, in February 1995 the Hamptons agreed to dismiss Cappaert without prejudice, reserving their rights to proceed against the other defendants. They filed a new suit against Cappaert only in Ascension Parish, reiterating the same allegations, but itemizing the alleged defects room-by-room.
In January 1996, the Hamptons filed a rule to show cause why the Ouachita Parish suit against Farr should not be transferred to Ascension Parish. They contended that both suits "arise out of the same or similar facts and contain common issues of fact and law," and that a transfer would serve the convenience of the parties. La. C.C.P. art. 123. Farr countered that *365 the plaintiffs were forum-shopping. By judgment of April 15, 1996, the District Court denied the Hamptons' rule to transfer.
The Hamptons went to trial against Cappaert in Ascension Parish in April 1997. After that court took the case under advisement, the parties settled their claims for $15,000. The receipt and release dismissed all the Hamptons' claims against Cappaert without mentioning Farr.
In the instant suit, Farr filed a third party demand against Cappaert, seeking indemnity for manufacturing defects. In June 1999, Cappaert filed an exception of prescription, informing Farr (apparently for the first time) that it had settled with the Hamptons in Ascension Parish.
Farr filed the instant motion for summary judgment in April 2002, urging that since the Hamptons settled with Cappaert, their claim against Farr, a solidary obligor, was extinguished.
The Hamptons opposed the motion. They conceded that in petition, they had alleged that the defendants were liable in solido. However, they now alleged that some of the defects resulted from Farr's negligence in improperly setting up the mobile home. In support, they attached a certified transcript of the Ascension Parish trial, in which their expert testified that certain defects were the result of the set-up. They also attached certified copies of answers to interrogatories in which they alleged that the defects were the result of installation of the mobile home on the property site,[1] a copy of their petition against Cappaert in the 23d Judicial District Court, and a copy of the receipt and release with Cappaert, dated May 21, 1997.
The hearing on the motion for summary judgment was not transcribed. According to the minutes, however, the District Court ruled that three of the Hamptons' attachments (including the trial transcript) were inadmissible hearsay, and that summary judgment was granted. The court signed a judgment to that effect on July 9, 2002.
The Hamptons now appeal, designating two assignments of error and arguing three issues.

Discussion: Forum non conveniens
By their first assignment, the Hamptons urge the District Court erred in denying their rule to transfer the case to Ascension Parish. They contend that Ascension Parish is where they live and where the mobile home is located, and that there is no nexus to Ouachita Parish. They urge that these facts satisfy La. C.C.P. art. 123 in that the work was performed in Ascension Parish. Clarendon Nat. Ins. Co. v. Belt, 33,997 (La.App. 2 Cir. 8/25/00), 766 So.2d 717, writ denied, 00-2673 (La.11/17/00), 774 So.2d 982. They also urge that the facts satisfy the jurisprudential requirements of E. Sondheimer Co. v. Hibernia Corp., 97-2460 (La.App. 4 Cir. 12/10/97), 704 So.2d 386, writ denied, 98-0085 (La.3/13/98), 713 So.2d 470.
While there is some merit to this position, we are constrained to note that the denial of an exception of improper venue is an appealable interlocutory judgment. Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Danny Weaver Logging Inc. v. Norwel Equip. Co., 33,793 (La.App. 2 Cir. 8/23/00), 766 So.2d 701. The Hamptons neither appealed nor sought supervisory relief from the 1996 judgment that *366 denied their motion to transfer. In Danny Weaver Logging, this court noted the sound policy reasons for immediately appealing an interlocutory ruling as to venue. These are equally compelling in the instant case, even though here the matter was resolved by summary judgment.
This assignment of error lacks merit.

Summary judgment evidence
By their second assignment, the Hamptons urge the summary judgment was improper because their settlement with Cappaert is not res judicata as to their claim against Farr. We will address the propriety of the summary judgment in the next part of the opinion.
The Hamptons further argue that the District Court erred in excluding the transcript of the Ascension Parish trial as hearsay on the motion for summary judgment. They concede that trial transcripts are not generally admissible on motions for summary judgment. Miramon v. Woods, 25,850 (La.App. 2 Cir. 6/22/94), 639 So.2d 353. They contend, however, that the purpose of this rule is to avoid any tendency by the court to weigh evidence; since the instant transcript would only establish that certain defects were due to the installation (rather than the manufacture) of the home, no weighing of evidence is necessary and the transcript should be admitted.
The jurisprudence has uniformly treated trial transcripts as testimony which cannot be received on motion for summary judgment. Miramon v. Woods, supra; Aaron v. New Orleans Riverwalk Ass'n, 580 So.2d 1119 (La.App. 4 Cir.), writ denied, 586 So.2d 534 (1991). In Wattigny v. Lambert, 453 So.2d 1272 (La.App. 3 Cir. 1984), the court explained that the parties at trial were not the same as those on the motion for summary judgment, and the plaintiff had no opportunity to cross examine the trial witnesses. Such is obviously the case here; Farr was unaware of the Ascension Parish proceedings and was not present to cross examine the Hamptons' expert. Under the circumstances, we see no reason to deviate from the well-established rule of Miramon v. Woods, supra. This argument lacks merit.

Propriety of summary judgment
By their third assignment, the Hamptons urge the District Court erred in granting the summary judgment, in that there is still a genuine issue of material fact, whether Farr is responsible for any of the defects alleged in answers to discovery. Because Farr has denied liability, the Hamptons contend this is a disputed issue which must go to trial. By their second assignment, the Hamptons urge that the settlement in the 23d Judicial District Court is not res judicata as to the instant suit, as the parties, thing demanded and issue were not the same. La. R.S. 13:4231. They contend that the concept of res judicata will not support the summary judgment.
Without pleading res judicata, Farr responds that the factual allegations and relief demanded in both suits are substantially the same, so the settlement with Cappaert appears to have compensated the Hamptons adequately for any alleged redhibitory defects. Farr also argues that in redhibition cases, the manufacturer and seller are held liable in solido. Duplechain v. Clausing Machine Tools, 420 So.2d 720 (La.App. 4 Cir.1982). Under La. C.C. art. 1803, a transaction or compromise between the obligee and one obligor benefits the other solidary obligors in the amount of the portion of that obligor; thus, when the Hamptons released Cappaert, this benefitted Farr to the extent of Cappaert's liability. Farr contends that the Hamptons offered no summary judgment evidence to show that Farr was responsible *367 for any percentage of fault for the defects.
Neither side's argument precisely addresses the issue in the case. We agree that res judicata does not apply to this suit. Kelty v. Brumfield, 93-1142 (La.2/25/94), 633 So.2d 1210. Nevertheless, the release of a solidary or joint obligor may have the effects as set forth in art. 1803 or 1789 and may serve to release Farr.
We do not accept Farr's claim, based on Duplechain v. Clausing Machine Tools, supra, that manufacturers and retailers are held liable in solido. Duplechain relied on La. C.C. art. 2324 which, since 1979, has reserved solidary liability only for conspirators to an intentional tort. Solidarity can arise only from a clear expression of the parties' intent or from the law. La. C.C. art. 1796. The party claiming solidary liability between two or more parties has the burden of proving it. Davis v. Burlingame, 607 So.2d 853 (La. App. 2 Cir.1992), writ denied, 612 So.2d 84 (1993). Apart from allegations, neither Farr nor the Hamptons have proved a conspiracy.
If liability is not solidary pursuant to a conspiracy to commit an intentional or willful act, then liability is joint and divisible. La. C.C. art. 2324 B. On the facts alleged (that Cappaert manufactured a defective mobile home, and that Farr further damaged it by negligent installation), the defendants' liability is joint and divisible. Each joint obligor is bound to perform only his portion of the obligation. La. C.C. art. 1789.
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2). After adequate discovery or after a case is set for trial, a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B, C(1). Appellate review of summary judgment is de novo, utilizing the same criteria that guide the trial court's grant of the judgment. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226.
When a motion for summary judgment is made and supported as provided by law, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be rendered against him. La. C.C.P. art. 967; Independent Fire Ins. Co. v. Sunbeam Corp., supra.
If the moving party will not bear the burden of proof at trial on the matter that is before the court on motion for summary judgment, that party's burden on the motion for summary judgment is to point out to the court an absence of factual support for one or more essential elements of the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2); King v. Phelps Dunbar, LLP, 98-1805 (La.6/4/99), 743 So.2d 181.
On de novo review, we find that Farr alleged facts sufficient to show that it owed one portion of a joint and divisible obligation to the Hamptons, who compromised *368 a portion of their obligation for $15,000. In essence, Farr pointed out that there was no factual support for the Hamptons' claim that their obligation exceeded $15,000. The burden therefore shifted to the Hamptons to produce factual support to create a genuine issue for trial. The Hamptons offered a trial transcript which, as we have already concluded, was not admissible on the motion for summary judgment. They also filed pleadings and discovery responses that listed alleged defects, but these are "mere allegations" rather than factual support. La. C.C.P. art. 967. In addition, they did not show that the obligation exceeds $15,000.[2] Because the Hamptons failed to satisfy their burden of proof under La. C.C.P. art. 966 C(2), summary judgment was proper.
These assignments of error lack merit.

Conclusion
For the reasons expressed, the judgment is affirmed. Costs are assessed to the appellants, David and Linda Hampton.
AFFIRMED.
NOTES
[1] The answers to interrogatories also cited La. R.S. 51:912.22(7), a provision of the Uniform Standards Code for Mobile Homes and Manufactured Housing requiring that "piers or load-bearing supports or devices shall be installed and constructed to evenly distribute the loads."
[2] The settlement figure of $15,000 was over one-third of the purchase price of the Phoenix mobile home, $39,690.