# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 06-979


**KELLY G. AUCOIN, ET AL.**

**VERSUS**

**SOUTHERN QUALITY HOMES, LLC, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 99791-C
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.

**AFFIRMED.**


**Patterson F. Willis, Jr.**
**Attorney at Law**
**P. O. Box 507**
**Opelousas, LA 70571**
**(337) 948-1908**
**Counsel for Plaintiffs/Appellees:**
**Kelly G. Aucoin**
**Cindy Aucoin**


**Lamont Paul Domingue**
**Voorhies & Labbe**
**P. O. Box 3527**
**Lafayette, LA 70502-3527**
**(337) 232-9700**
**Counsel for Defendant/Appellant:**
**Dynasty Homes**

**SAUNDERS, Judge.**

This is a redhibition case wherein a buyer of a mobile home and land sued the manufacturer of the mobile home and seller of the mobile home and land. The buyer alleged that the seller and manufacturer were solidarily bound for redhibitory defects throughout the mobile home.

The trial court found both the manufacturer and seller solidarily bound to the buyer for the return of the purchase price of the mobile home and land and expert fees. Further, the trial court found both the manufacturer and seller solidarily bound to the buyer for mental pain and suffering due to his nonpecuniary interests in the mobile home. Finally, the trial court found the manufacturer and seller in bad faith and therefore solidarily bound for the fees of the buyer's attorney.

The manufacturer appealed the trial court's judgment claiming multiple errors. First, the manufacturer claimed that it was error to find the manufacturer solidarily bound with the seller. Second, the manufacturer claimed it was error for the trial court to find the manufacturer liable for damages to the buyer for improper setup and sealing of the home and it was error for the trial court to find the manufacturer liable for return of the purchase price of the land and costs associated with preparing the land for the mobile home. Third, the manufacturer claimed it was error for the trial court to find the manufacturer liable for the mental pain and suffering of the buyer. Finally, the manufacturer claimed it was error for the trial court to assess the manufacturer for excessive expert witness fees and it was error for the trial court to award interest on those expert fees.

The buyer answered the appeal and claimed that the trial court erred when it did not award principle and interest on the payments made on the mobile home. The judgment of the trial court is affirmed on all assignment of errors.

**FACTS AND PROCEDURAL HISTORY:**

On July 6, 2001, plaintiff, Kelly Aucoin (hereinafter "Aucoin"), purchased a manufactured mobile home and land from defendant, Southern Quality Homes, LLC (hereinafter "Southern Quality") for $94,980.00. The mobile home had been delivered to Southern Quality by its manufacturer, Dynasty Homes (hereinafter "Dynasty").

After delivery and setup of the mobile home, Aucoin and his wife began to experience problems and defects with the mobile home. From August 11, 2001, through February 2002, Southern Quality, Dynasty or someone hired by either of them was called by Aucoin or his wife on sixty-nine different occasions. Despite eight attempted repairs numerous defects in the home were not remedied.

Aucoin filed a complaint in March of 2002 with the Louisiana Manufactured Housing Commission, but ultimately filed suit against both Southern Quality and Dynasty alleging redhibitory defects in the home and seeking to hold Southern Quality and Dynasty solidarily bound for rescission of the sale, damages and expenses.

After a trial on the merits, on February 23, 2006, the trial court issued its Final Amended Judgment in favor of Aucoin and against defendants, Dynasty and Southern Quality, in solido, for a return of the purchase price of the home and land due to redhibitory defects. Further, because the trial court found that Aucoin had a nonpecuniary interest in this mobile home, its judgment not only included damages for the return of the purchase price of the home and land ($93,980.00), closing costs ($4,190.33), dirt work ($1,000.00), and expert fees ($25,000.00), but it also included an award for Aucoin's mental pain and suffering ($25,000.00), medical bills ($288.18), prescription bills ($285.00), insurance and taxes ($6,446.13), and expenses

2

related to depositions of Aucoin's medical doctors ($2,160.35). The trial court further found both the manufacturer and seller in bad faith and therefore awarded attorney's fees ($25,000.00).

Dynasty filed an appeal on March 24, 2006, claiming numerous errors committed by the trial court. Aucoin answered the appeal and claimed that the trial court erred by not awarding him the principle and interest he paid for the mobile home since its purchase. We affirm the trial court on all assignment of error.

**ASSIGNMENTS OF ERROR:**

1.  Did the trial court err in holding Dynasty Homes solidarily bound with Southern Quality Homes?

2.  Did the trial court err in holding Dynasty Homes liable for the improper set-up and sealing of the mobile home, for the return of the purchase price of the land and for the dirt work performed on the land to ready it for the mobile home?

3.  Did the trial court err in holding Dynasty Homes liable for damages for the mental pain and suffering and associated expenses incurred by Aucoin?

4.  Did the trial court err in awarding Aucoin excessive expert witness fees and in awarding legal interest on plaintiff's expert fees?

5.  Did the trial court err in failing to award Aucoin damages for principle and interest paid on the mobile home since its purchase?

**ASSIGNMENT OF ERROR #1:**

Dynasty asserts that the trial court erred by finding that it was solidarily bound with Southern Quality to Aucoin in his redhibition action. We disagree.

Louisiana Civil Code Article 2545, in pertinent part is as follows:

> A seller who knows that the thing he sells has a defect but omits to declare it... is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees.

3

"When the thing sold contains a redhibitory defect, the manufacturer and the seller are solidarily liable to the buyer for a return of the purchase price." *Womack and Adcock v. 3M Business Products Sales, Inc.*, 316 So.2d 795 (La.App. 1 Cir. 1975); *Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc.*, 262 So.2d 377 (La. 1972); *comment (c)* La.Civ.Code art. 2545. In Louisiana, and more specifically in this circuit, there is a presumption that manufacturers and sellers are solidarily bound to the buyer for his or her redhibition claim. *LeGros v. ARC Services, Inc.*, 03-918 (La.App. 3 Cir. 2/25/04), 867 So.2d 63.

Dynasty has argued that since the 1996 revision of La.Civ.Code art. 2323 and La.Civ.Code art. 2324, a finding that the manufacturer and seller have a solidary obligation is no longer appropriate in redhibition cases. Dynasty argues that the seller and the manufacturer should instead have their fault compared under the above referenced articles. We disagree.

Dynasty has cited two cases to provide a foundation for its position. First, Dynasty cites *Petroleum Rental Tools, Inc. v. Hal Oil & Gas Company, Inc.*, 95-1820, 95-1821 (La.App. 1 Cir. 8/22/97), 701 So.2d 213. In the *Petroleum Rental Tools* case the court was not presented with the issue of whether a manufacturer and a seller are solidarily bound. The plaintiff in the *Petroleum Rental Tools* case had already recovered in its action for redhibition against a seller of a used casing that was defective. After the seller had been released from the case, the court attributed fault to that seller for the damages its defective casing caused in eventually making an entire oil rig useless. While there was fault allocation to a defendant for the damages caused by its product found to have redhibitory defects, there was never any discussion in the case regarding the issue for which it was cited. We find no merit in

4

Dynasty relying upon this case for the purposes of avoiding being found solidarily bound with Southern Quality.

Next, Dynasty cites *Hampton v. Cappaert Manufactured Housing, Inc.*, 36,773 (La.App. 2 Cir. 1/29/03), 839 So.2d 363. In this case, the second circuit rejected the seller's argument that the manufacturer was solidarily bound with them to the plaintiff. The seller based its argument for solidarity on *Duplechain v. Clausing Machine Tools*, 420 So.2d 720 (La.App. 4 Cir. 1982). The *Hampton* court refused to follow *Duplechain* because that case was based on La.Civ.Code art. 2324. The court reasoned that because the code article had been amended since the *Duplechain* case, it would be unsound to rely on reasoning from that case.

The second circuit instead decided that the manufacturer and seller were liable jointly and divisibly. The *Hampton* court did so because the revised La.Civ.Code art. 2324 required that a conspiracy be found between parties in order to be solidarily bound. In *Hampton*, because there was no conspiracy proven, and because there was no clear expression by the seller and manufacturer of an intent to be solidarily bound under La.Civ.Code art. 1796, the court reasoned that there was no basis for finding the seller and the manufacturer solidarily bound under La.Civ.Code art. 2324.

While we respect the second circuit for its analysis and choice to use La.Civ.Code art. 2324 in finding that the manufacturer and seller are not solidarily bound, we instead choose to rely upon La.Civ.Code art. 2545, *Media Production Consultants, Inc.*, *Womack and Adcock*, and *LeGros.*

We choose to use La.Civ.Code art. 2545 and the *Media* line of cases for several reasons. First, *Media* has not been overruled and the legislature has endorsed its interpretation and holding in comment (c) of La.Civ.Code art. 2545.

5

Second, it is well settled in Louisiana that if there are two conflicting statutes, a more specific statute will prevail over the more general. *State in the Interest of A.C.*, 93-1125 (La. 1/27/94), 643 So.2d 719. We feel that La.Civ.Code art. 2545 deals more specifically with a fact intense situation, redhibition. A redhibition claim exists when a narrowly tailored set of circumstances set forth by the legislature in La.Civ.Code arts. 2520, *et. seq.* arises.

Third, a redhibition claim has its basis in breach of warranty and breach of contract whereas most actions decided under La.Civ.Code art. 2324 have their basis in tort. The remedy in a redhibition claim is that of reduction of price for the thing or recision of the contract and return of the purchase price. The remedy given in a tort claim is usually that of compensation for damages. To find that the legislature intended for a code article located in Title V of Book 3 "Obligations Arising Without Agreement" dealing with tortious conduct to be applied over code articles wherein the legislature has specifically spelled out a remedy, is something this court is not inclined to do.

Finally, our civilian principles require that we follow the clear legislative intent expressed in La.Civ.Code art. 2545 to hold manufacturers and sellers generally solidarily bound to help protect consumers. An unsophisticated buyer relies upon both the seller and manufacturer to provide a product that is free from redhibitory defects. Because of this reliance, the manufacturer and seller should be solidarily bound, especially if both the manufacturer and the seller each created redhibitory defects, and, therefore, each could have been found fully responsible for the single debt of a return or reduction of the purchase price to the buyer. We find no reason why the buyer should be expected to bear the risk of receiving less than they would

have received if there was but one party creating a redhibitory defect. If we were not to hold the manufacturer and seller solidarily bound, the buyer would bear the burden of receiving less than full indemnity in his or her redhibition action while the manufacturer would be able to benefit from doing business with a seller that also created a redhibitory defect in a product that they put on the market together. We find this result unconscionable.

Since we have chosen to conduct our analysis with regards to whether Dynasty and Southern Quality are solidarily bound under La.Civ.Code art. 2545, *Media Production Consultants, Inc.*, *Womack and Adcock*, and *LeGros*, we presume that Dynasty and Southern Quality are solidarily bound to Aucoin. In order for Dynasty to not be held solidarily bound with Southern Quality, it must show that the redhibitory defects present in the home sold to Aucoin were solely caused by Southern Quality.

The trial court found that the main and principle redhibitory defect in the home is a moisture problem that caused mold to proliferate. Therefore, Dynasty, in order to rebut the presumption that they are solidarily bound with Southern Quality, must show that they have no fault in creating this redhibitory defect in the home. They have failed to do so.

Whether Dynasty had any fault in creating any redhibitory defect in the home is a finding of fact. A trial judge's findings of fact will not be disturbed unless they are manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't of Transp. & Dev.,* 617 So.2d 880 (La.1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1111 (La.1990). "If the trial court

7

or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112.

After a thorough review of the record, we find that the trial court's determination that both Dynasty and Southern Quality were at fault in creating the main and principle redhibitory defect in the home is reasonable. The trial court put great weight on the testimony of Mr. Alexis Mallet, Jr. Mr. Mallet is an expert in general construction, in estimating, in analysis of construction and design defects, in building science, and mold remediation. Mr. Mallet testified that the main and principle defect in the home was the moisture problem that cause a proliferation of mold. He also testified that this infiltration of moisture occurred because of a combination of negative air pressure and several defects in the home. Mr. Mallet testified that the manufacturer was at fault for several defects that related to the infiltration of moisture in the home including, but not limited to, improper installation of the vinyl vapor barrier, improper sealing of windows, improper fastening and installation of roof shingles, and improper installation of drywall on the ceiling.

Further, the trial court also relied on the testimony of Mr. Ervin Ritter. Mr. Ritter is an expert in environmental engineering and mechanical engineering. Mr. Ritter concurred with the testimony of Mr. Mallet. He also found that the negative air pressure, coupled with the defects in the home, caused a moisture infiltration that resulted in mold proliferation. Mr. Ritter then testified that mold proliferation leads to a complete deterioration of the home. He directly related some of those defects to the manufacturer, Dynasty, as well.

8

Accordingly, we find that the trial court was not manifestly erroneous or clearly wrong in finding that Dynasty, as manufacturer, and Southern Quality, as seller, are solidarily bound. There is evidence in the record to find that both Dynasty and Southern Quality were responsible for defects in the home sold to Aucoin. This assignment of error lacks merit.

**ASSIGNMENT OF ERROR #2:**

Dynasty claims that the trial court erred in finding it liable for the improper setup and sealing of the mobile home, and for the cost of the land and closing costs. We disagree.

We have already determined that Dynasty is solidarily bound with Southern Quality for the damages of Aucoin. Louisiana Civil Code Article 1794 states the following: "An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee."

Under La.Civ.Code art. 1794, Dynasty is liable to Aucoin for the whole performance. The whole performance in this case as dictated by La.Civ.Code art. 2545 is as follows: "[T]he return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. . ."

The improper setup and sealing of the home is part of the whole performance. Therefore, Dynasty is liable to Aucoin for the damages caused by the improper setup and sealing of the home. Accordingly, we affirm to trial court's finding that Dynasty is liable to Aucoin for the damages occasioned by the improper set up and sealing of the home.

Next, Dynasty argues that the trial court erred in finding it responsible for a return of the purchase price and dirt work associated with the land bought by Aucoin. This argument lacks merit.

9

Louisiana Civil Code Article 2540 states the following: "When more than one thing are sold together as a whole so that the buyer would not have bought one thing without the other or others, a redhibitory defect in one of such things gives rise to redhibition for the whole."

Aucoin was sold the home and lot together at the same time. The trial court gave great weight to the testimonies of both Aucoin and his wife. Aucoin and his wife testified that they would not have bought the land without purchasing the home. Further, the cost of the dirt work was incurred to ready the land for this defective home. Therefore, under La.Civ.Code art. 2540, the land and dirt work associated with readying the land for the home are part of the whole performance. Accordingly, as we have determined that as Dynasty and Southern Quality are solidarily bound and Dynasty is bound for the whole performance, Dynasty is liable for the return of the purchase price of the land and the costs associated with the dirt work. The trial court's finding as such are affirmed.

**ASSIGNMENT OF ERROR #3:**

Dynasty argued that the trial court erred in holding it liable for damages for mental pain and suffering and associated expenses suffered by Aucoin. We disagree.

Dynasty argues that the sole recovery available to Aucoin for nonpecuniary damages for a defective product is under the Louisiana Products Liability Act. This assertion lacks merit. This court in the cases of *Taylor v. Burton,*, 97-1348 (La.App. 3 Cir. 3/6/98), 708 So.2d 531, and *Mayerhofer v. Three R's, Inc.*, 597 So.2d 151 (La.App. 3 Cir.), *writ denied*, 600 So.2d 680 (La.1992), among others, has held that a purchase of a home can have a nonpecuniary purpose.

The Louisiana Supreme Court in *Young v. Ford Motor Co., Inc.*, 595 So.2d 1123 (La.1992), held that when the requisites of La.Civ.Code arts. 2545 and 1998 are met, a buyer can recover for mental anguish damages that were caused by the purchase of a defective product.

We have already found in Assignment of Error #1 that Dynasty is liable to Aucoin under La.Civ.Code art 2545, so now we must determine if Aucoin qualifies for recovery for nonpecuniary damages under La.Civ.Code art. 1998.

Louisiana Civil Code Article 1998 states the following:

> Damages for a nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.

> Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.

The trial court gave great weight to the testimonies of Aucoin and his wife.

Much like the *Taylor*, *Mayerhofer*, and *Thomas* cases above, the Aucoin's testimony

displayed a considerable nonpecuniary interest in acquiring this home. They testified

that prior to the purchase they were living in a single-wide mobile home that was

10

nearly three decades old, that the family was not comfortable because the mobile home was small and old , that they were purchasing the home to entertain family and friends and that purchasing this home would fulfill, to them, the American Dream.

Given the reasonable credibility determination of the trial court made regarding the veracity of the Aucoins, and given that Aucoin and his wife testified that he entered into this contract for many nonpecuniary interests, the trial court's finding of liability on the part of Dynasty for the mental pain and suffering and associated expenses suffered by Aucoin is affirmed.

**ASSIGNMENT OF ERROR #4:**

Dynasty argues that the trial court erred in awarding Aucoin excessive expert witness fees and erred in finding those expert fees as an element of damages in redhibition and therefore awarding interest on those expert fees. We disagree.

In *Trans Louisiana Gas. Co. v. Heard*, 629 So.2d 500, 505 (La.App. 3 Cir. 1993), this court stated the following:

> The fixing of expert witness fees is largely within the sound discretion of the trial court, and on appeal, we may not reverse the trial court's fixing thereof absent an abuse of discretion. In fixing expert witness fees, each case must turn on its own peculiar facts and circumstances. However, the jurisprudence has provided us with factors to consider such as the amount of time consumed by the experts in compiling their reports; the amount charged the landowner; the amount of time spent in preparing for trial; the amount of time actually spent in court; the expertise of the expert; the difficulty of the appraisal; the amount involved in the award; and the degree to which the expert's opinion aided the court in its decision.

Dynasty argues that the trial court rejected the opinion of Mr. Mallet and Mr. Ritter, the plaintiff's experts. We find the opposite to be true. The trial court found the testimony of both plaintiff's experts credible and helpful. Further, there is evidence in the record that the experts spent considerable time and effort performing

tests at the plaintiff's home and preparing for the trial. Further, the experts testified regarding a very complex issue for an extensive three-day trial. Given these facts and the complexity of the testimony of the experts, we find no abuse of discretion on the part of the trial court in fixing their fees.

Finally, Dynasty argues that the trial court incorrectly found that expert fees were an element of damages in redhibition and awarded Aucoin interest on his incurred expert fees. This argument lacks merit.

Dynasty argues that the trial court incorrectly interpreted *A. Copeland Enterprises, Inc. v. Harimaw, Inc.*, 528 So.2d 707 (La.App. 5 Cir. 1988), *writ denied* 531 So.2d 475 (La.1988), in finding that the expert fees are an element of Aucoin's redhibition claim. Dynasty attempts to distinguish the experts in the case at bar from the experts in the *A. Copeland Enterprises, Inc.* case by claiming that the experts in the *A. Copeland Enterprises, Inc.* case were part of the plaintiff's cost of correction whereas the experts here were hired to prosecute Aucoin's redhibition claim. Dynasty cites no authority for why there needs to be such a distinction made, and we were unable to find any such authority. As cited above, the trial court has great discretion in setting expert fees, and we find no abuse of discretion on the part of the trial court in assessing the expert fees or interest upon them therein. Therefore, we find that this assignment or error lacks merit.

**ASSIGNMENT OF ERROR #5:**

Aucoin argues that the trial court erred in failing to award Aucoin reimbursement for principle and interest payments made on the mobile home since its purchase. We disagree.

The remedy chosen by the trial court in this case was that of return of the purchase price of the home to Aucoin and judicial interest for the purchase price from the date of sale. If we were to further find that Aucoin should be reimbursed for the principle and interest he paid for the house, we would be allowing him to recover the return of the purchase price along with the principle he paid. This would be a double recovery. Further, if we were to grant Aucoin reimbursement for the actual interest paid and for the judicial interest awarded by the trial court, we again would be allowing Aucoin to recover twice. This would be inappropriate. Therefore, the judgment of the trial court denying Aucoin damages for principle and interest for payments made for the home is affirmed.

**CONCLUSION:**

The judgment of the trial court is affirmed on all assignments of error. Additionally, we award five thousand dollars in attorney's fees to Aucoin for work performed on this appeal. The costs of this appeal are assessed to Dynasty Homes.

**AFFIRMED.**

13